ALBERT SMITH, Appellant, *v.* SADIE L. EPPER-
SON, as Special Administratrix of AMOS
EPPERSON, Deceased; MAX EPPERSON and
S. F. FALKENBURG, Respondents.

No. 3898

March 8, 1956.                              294 P.2d 362.

*Wright & Eardley; Williams and Mann,* of Elko, for
Appellant.

*F. Grant Sawyer* and *Joseph O. McDaniel,* of Elko,
for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an appeal by plaintiff from an order amending a judgment nunc pro tunc.

Parties will be referred to as they appeared in the trial court.

Plaintiff contends that the amendment was a correction of a judicial error, and therefore the court did not have power to so amend the judgment. Defendants assert that it was a correction of a clerical error, and therefore the court had power to make the amendment.

Plaintiff brought the action against the defendants to quiet title to certain real property and to recover possession of the same from the defendants.

During the pendency of the action defendant Amos Epperson died, and by stipulation Sadie L. Epperson, as administratrix of his estate, was substituted in his place and stead.

The defendant, S. F. Falkenburg, appeared and disclaimed any interest in any of the real property, save and except through Sadie L. Epperson, he claims the right to remove certain improvements constructed upon this real property.

At the conclusion of the case judgment was rendered

in favor of plaintiff against all three defendants establishing his title and awarding him nominal damages in the sum of $105. Judgment was satisfied. Eleven months later defendant Falkenburg, finding that judgment prejudicial to his position in another suit, moved, under Rule 60 (a), N.R.C.P., to correct the conclusions of law and judgment, nunc pro tunc, to provide that the money judgment run against defendant Sadie Epperson alone. The motion was granted. From that order of correction and corrected judgment this appeal is taken.

## QUESTION TO BE DETERMINED

Based on the findings of fact, was there a clerical mistake or error arising from oversight or omission in the drafting of the conclusions of law and the judgment that could be corrected under the provisions of Rule 60 (a), N.R.C.P.?

The question is answered in the affirmative.

Plaintiff contends that the trial court's action did not amount to correction of clerical error; that, on the contrary, it amounted to correction of judicial error and was in effect modification; that it had lost power to modify after the passage of six months under Rule 60 (b), N.R.C.P.

The findings of fact demonstrate that the court had determined that the trespasses on the basis of which damages were allowed were those which had been committed by Amos Epperson, now deceased, whose estate Sadie Epperson represents in this action. Falkenburg's sole interest in the matter was as a purchaser from the Epperson estate of certain improvements placed upon the property in question by the decedent, which improvements the court below determined Falkenburg had the right to remove.

This is emphasized by the court's award to him of the right of ingress and egress for the purpose of such removal. A finding that Falkenburg was without fault is implicit.

It is clear that the trial court's action was taken for the purpose of conforming conclusions of law and judgment to the findings. The court's order of correction states in part: "The court * * * after carefully defining the rights and obligations of the parties by way of Findings of Fact, reached a conclusion therefrom, afterwards honored in the judgment, which cannot by any theory be justified. The court is persuaded that the discrepancy occurred as a result of an oversight."

Plaintiff contends, however, that the determination of Falkenburg's liability in the light of the findings was a judicial determination; that while the conclusions of law and judgment in this respect may be erroneous and unjustified, this constitutes judicial error and not mere clerical error; that the fact that such error was the result of an oversight rather than a considered determination does not relieve it of its judicial character.

Certainly it must be conceded that the mere fact that the judgment is not supported by the findings does not constitute such error of judgment mere clerical error. It must be conceded that in the usual case of conflict between findings and judgment plaintiff's contention would indeed have merit.

In the case at bar, however, it is clear from a reading of the findings that a determination that Falkenburg was free from liability had actually been made. Amos Epperson was the only person found to have committed injury. The tortious acts and the responsible person had expressly been specified and the limit of monetary responsibility of that person had been fixed. It requires no further formal expression to establish to our complete satisfaction that a determination of liability had thus been made.

The error which resulted from oversight was not, then, an error of judgment, a faulty determination as a matter of law; the error was in failure to make the written conclusions of law and judgment truly speak the determination which had been made. It was, then, clerical rather than judicial error.

The view expressed here finds accord generally in the case of Talbot v. Mack, 41 Nev. 245 at 255, 169 P. 25, 27, wherein it is stated: "Viewing the matter as we do, it becomes unnecessary for us to determine the question as to the right of appellant to an order nunc pro tunc. Suffice it to say in this respect, however, that we find it to be a rule supported by eminent authority that the object and purpose of a nunc pro tunc order is to make a record speak the truth concerning acts already done." Accord: Finley v. Finley, 65 Nev. 113 at 118, 189 P.2d 334, 196 P.2d 766.

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.