244

In the Matter of the Determination of the Rela-
TIVE RIGHTS OF CLAIMANTS AND APPROPRIATORS OF
THE WATERS OF THE HUMBOLDT RIVER SYSTEM AND
ITS TRIBUTARIES.

JOHN M. MARBLE, ROBERT E. MARBLE, AND
PETER E. MARBLE, DOING BUSINESS AS MAR-
BLE RANCHES, APPELLANTS, *v.* WILLIAM B.
WRIGHT, RESPONDENT.

No. 4368

May 23, 1961                                    362 P.2d 265

*Orville R. Wilson,* of Elko, for Appellants.

*Leslie B. Gray,* of Reno, and *Mann & Scott,* of Elko
for Respondents.

## OPINION

By the Court, McNAMEE, J.:

In 1923 the state engineer made his final order of determination of water rights on the Humboldt River system which was filed in the court below. Certain exceptions to the said order were filed and hearings on these exceptions were had before Judge Bartlett whose findings and decree were subsequently filed and entered. He made certain changes in the order of determination and reclassified some of the lands including those involved herein. This decree is hereinafter referred to as the Bartlett decree. In both the order of determination and the Bartlett decree certain acreages were bracketed. With respect to the lands here in question the order of determination used no brackets, while the Bartlett decree did use brackets. The Bartlett decree applied the doctrine of relation to lands and waters in Elko County, although the order of determination had not done so. Thereafter, Judge Edwards granted a new trial on the sole issue as to whether the doctrine of relation should be applied to claimants who had filed no exceptions to the said order of determination.

The doctrine of relation means that the priority of water on land shall be from the time the appropriator first commences a dam, flume, or ditch to take water and not from the date the water is actually placed in use on a given parcel of land.

Upon such new trial, Judge Edwards held that the application of the doctrine of relation to the said claimants by Judge Bartlett was without authority of law and void, and he entered his decision and decree accordingly. This became known as the Edwards decree.

To the latter decision, motions for new trial were made and granted by Judge Lockhart. Thereafter, this court granted a writ of prohibition restraining Judge Lockhart or any other judge from proceeding with a new trial. Carpenter v. Sixth Judicial District Court, 59 Nev. 42, 73 P.2d 1310, 84 P.2d 489.

The land in question shown in the order of determination as belonging to the Union Land and Cattle Co. was later transferred to the Marbles as shown in the Bartlett decree. Within the last few years said land has been partitioned and is now held by several owners, appellants owning parcels thereof and respondent owning a part.

In using brackets both the state engineer and Judge Bartlett stated that "where the acreages irrigated are bracketed with legal subdivisions, the water allotted is appurtenant" to one or more legal subdivisions or part thereof within such bracket, but limited to the aggregate acreage and amount of water indicated for such bracket.

On April 23, 1959 respondent, one of the successors in interest of Union Land and Cattle Co. as aforesaid, filed a motion herein "to correct clerical errors" in the Edwards decree "in that the brackets which were rightfully on the properties were inadvertently omitted from the properties variously known as the Marble properties or the Union Land and Cattle Co. properties."

Upon the hearing of said motion the lower court entered an order nunc pro tunc as of the date of the Edwards decree correcting the Edwards decree by restoring therein to the lands in question the brackets as they appeared in the Bartlett decree.

From this action of the lower court the present appeal is taken.

The main issue relates to the intent of Judge Edwards in failing to include brackets to the lands here in question as had theretofore been ordered by the Bartlett decree.

The lower court found that this failure of the

Edwards decree to include brackets was due to oversight on the part of Judge Edwards, and such omission constituted a clerical error. We have concluded that this finding is supported by substantial evidence.

It appears from Judge Edward's affidavit in support of respondent's said motion and also from his oral testimony in court that the new trial which resulted in the Edwards decree was not for the purpose of readjudicating all of the matters that had been before Judge Bartlett, but that the new trial (with certain exceptions not relevant to this appeal) concerned itself solely with the question of whether the doctrine of relation should be afforded those claimants who had filed no exceptions. In fact the Edwards decree expressly recites (1) that the issue involved in the new trial was limited to the application of the doctrine of relation to the claimants who had not contested the order of determination, and (2) that all questions of fact presented by the record and the evidence therein were limited to the application of the doctrine of relation as above stated.

Under these circumstances it is apparent that in all other respects the Bartlett decree, except as to certain intervening, subsequent, or separable orders relating to the Humboldt River adjudication, none of which pertain to the land here in question, was not intended to be modified by the Edwards decree.

Appellants urge that if the Edwards decree is erroneous in this respect the error is not clerical but judicial, and could only have been corrected by a proper appeal therefrom. This same contention was unsuccessfully made in the case of Smith v. Epperson, 72 Nev. 66, 294 P.2d 362. The action there was brought to quiet title to certain real property and to recover possession thereof. Despite the fact that one of the three defendants therein entered a disclaimer, judgment was rendered in favor of the plaintiff against all three defendants which contained an award of damages in the sum of $105. Thereafter, the disclaiming defendant successfully moved pursuant to Rule 60 (a) NRCP to correct the

conclusions of law and judgment nunc pro tunc. This court in holding that the judgment could be corrected under the provisions of said rule for the reason that the error was clerical rather than judicial stated: "The error which resulted from oversight was not, then, an error of judgment, a faulty determination as a matter of law; the error was in failure to make the written conclusions of law and judgment truly speak the determination which had been made. It was, then, clerical rather than judicial error."

A clerical error is a mistake in writing or copying. As more specifically applied to judgments and decrees a clerical error is a mistake or omission by a clerk, counsel, judge, or printer which is not the result of the exercise of the judicial function. In other words, a clerical error is one which cannot reasonably be attributed to the exercise of judicial consideration or discretion. Wilson v. Wilson, 109 Cal.App.2d 673, 241 P.2d 281; Martin v. Ray, 74 Cal.App.2d 922, 170 P.2d 75.

A judicial error, on the other hand, is one made when the court reaches an incorrect result in the intentional exercise of the judicial function. It occurs when a judge reaches a wrong or incorrect decision in deciding a judicial question. Stevens v. Superior Court, 7 Cal.2d 110, 59 P.2d 988; Lankton v. Superior Court, 5 Cal.2d 694, 55 P.2d 1170; Liuzza v. Brinkerhoff, 29 Cal.App.2d 1, 83 P.2d 976.

Supported by the above authorities we hold that the omission of the brackets in the Edwards decree was a clerical error and not a judicial error.

Under Rule 60 (a) NRCP clerical errors may be corrected by the court at any time on its own initiative or on the motion of any party.

Since the said error was clerical it is not necessary to consider the question of whether the modification of the Bartlett decree by such omission of brackets was within the jurisdiction of Judge Edwards.

Appellant further contends that the brackets were properly left out of the Edwards decree because the particular land should never have been bracketed; that when they were inserted by Judge Bartlett after they had been omitted from the order of determination, error was committed. It appears, however, from the record that evidence was presented to Judge Bartlett which would authorize him to determine judicially that said land should be bracketed. But even in the absence of such evidence, a modification of the Bartlett decree is not within the issues before us at this time.

Appellants also raise the question of laches. The record shows that respondent had no knowledge of the absence of the brackets until 1954 when the state engineer directed the application of the allotted water to particular land. This is understandable, because during the time the land was under one ownership the presence or absence of brackets would not affect the water allotment. Appellants do not contend that respondent has been guilty of laches since 1954.

Affirmed.

PIKE, J., and GEORGETTA, D. J., concur.

BADT, C. J., being disqualified, the Governor designated Honorable Clel Georgetta, Judge of the Second Judicial District, to sit in his stead.