DALE A. RODELA, APPELLANT, *v.* CAROLE L. RODELA, RESPONDENT.

No. 6653

March 1, 1972                               494 P.2d 277

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this divorce action neither the pleadings nor the proposed decree apprised the district judge of an agreement granting Dale the right to visit a minor child whom he had neither sired nor adopted, but who was the issue of Carole's prior marriage. At a later date the district judge, on his own motion, deleted that provision nunc pro tunc since, in his view, his prior approval

thereof could not reasonably be attributed to an exercise of judicial discretion, but was in truth, an oversight or omission. NRCP 60(a); Alamo Irrigation Co. v. United States, 81 Nev. 390, 404 P.2d 5 (1965); Smith v. Epperson, 72 Nev. 66, 294 P.2d 362 (1956). We do not believe that the failure of a judge to be aware of the provisions of a marital settlement agreement which he has approved qualifies as a clerical mistake arising from oversight or omission within the meaning of NRCP 60(a) and subject, therefore, to correction nunc pro tunc. Cf. State ex rel. Friedman v. Dist. Ct., 81 Nev. 131, 399 P.2d 632 (1965); Finley v. Finley, 65 Nev. 113, 189 P.2d 334 (1948). Accordingly, we set aside the nunc pro tunc order and remand this matter with instructions to rule upon the merits of the mother's pending motion to modify the agreement and approving decree to delete therefrom the provisions regarding visitation granted Dale of the child in question.

Reversed and remanded.