CHANNEL 13 OF LAS VEGAS, INC., ARTHUR POWELL WILLIAMS, Individually, and VIRGINIA M. WILLIAMS, Individually, Appellants, *v.* JOHN ETTLINGER, FRED L. VANCE, LEONARD W. PHILLIPS, and FRANK E. FEDER, Respondents.

No. 9689

August 25, 1978                                         583 P.2d 1085

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Appellants.

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants had executed and guaranteed a promissory note to the payee, Fred L. Vance, in the principal sum of $181,668.12. Appellants timely tendered the first annual installment but were tardy in their second installment. Thereafter respondent Vance, among others, filed suit. Appellants then belatedly tendered the second annual installment plus interest which Vance accepted without prejudice to his demand for the accelerated balance made pursuant to an acceleration clause contained in the promissory note.

Vance moved for summary judgment praying for the balance due on the note in the sum of $80,505.92. After the trial court entered summary judgment in that amount, and judgment was recorded, respondent's counsel discovered that the amount of the judgment was erroneously calculated and did not reflect the amount then presently due and owing. Vance then filed an ex parte motion to correct the judgment, and without notice of motion, the trial court entered an order amending the summary judgment to include an additional sum of approximately $14,000. Appellant then moved to compel entry of satisfaction of the original judgment and to declare the amended judgment

null and void. Respondent next moved for relief from judgment pursuant to NRCP 60(a). After notice and hearing, the district court determined that the "amended order will stand." This appeal follows.

The sole question before us is whether the trial court properly amended the original judgment?

Because the hearing in this matter was subsequently noticed and held, the validity of the ex parte motion for an amended judgment is not before us. The trial court did in fact affirm the amended judgment, but this affirmation was subsequent to a duly noticed hearing. Therefore the issue before this court is whether the procedure leading to this subsequent affirmation of a possibly defective original order was valid.

The subsequent hearing was held pursuant to NRCP 60(a) which in part provides:

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .

Respondent argues that Rule 60(a) is applicable because it was a mere oversight that the complaint prayed for an erroneously calculated sum. Further, respondent claims the actual intention of the trial court was to award the sum actually due and owing. Therefore Vance contends the purported judgment contained a clerical error.

This Court has interpreted Rule 60(a) to mean that

> [a] clerical error is a mistake in writing or copying. As more specifically applied to judgments and decrees a clerical error is a mistake or omission by a clerk, counsel, or judge, or printer *which is not the result of the exercise of a judicial function.* In other words, a clerical error is one which *cannot reasonably be attributed to the exercise of judicial consideration or discretion.*

Marble v. Wright, 77 Nev. 244, 248, 362 P.2d 265, 267 (1961) (Emphasis supplied). In Smith v. Epperson, 72 Nev. 66, 294 P.2d 362 (1956), this Court distinguished between an error of judgment which was a faulty determination as a matter of law and a clerical error which was simply a failure to make the judgment truly speak the determination which had been made. This involved the precise issue before this Court because the case resolves itself on the interpretation to be given to "clerical error." If the difference of some $14,000 is a miscalculation which is a clerical error, Rule 60(a) is the proper vehicle. If this

miscalculation is termed a matter of substance, the proper procedure involves either NRCP 59 pertaining to the amendment of judgments or Rule 60(b) pertaining to the equitable relief a court may give on the basis of mistake, inadvertence, surprise, or excusable neglect, and in either case the time for pursuing these remedies had lapsed.

The complaint does contain adequate information to determine that the sum actually due and owing is in fact the amount of judgment stated in the amended complaint and affirmed after a noticed hearing. Had the complaint not given this information but merely prayed for an $80,505.92 judgment, the amended judgment would have involved a substantial not a clerical error, and procedures incorporated in Rules other than Rule 60(a) would have had to be followed. It is apparent from the complaint, that a miscalculation occurred, and appellant should not be given a windfall of some $14,000.