LYONS, Justice
(dissenting).
I respectfully and regretfully dissent. The majority condones an attack on a default judgment in a collection ease by permitting the judgment debtors to bring an action for a declaratory judgment construing the unambiguous language of the judgment in the collection action. While I can understand the judgment debtors’ dismay over having to pay an incorrect amount, I cannot allow hard facts alone to justify disregard of the sanctity of judgments, a sanctity based on the principle of res judi-cata. Otherwise, every default judgment could be subject to collateral attack in a later declaratory action alleging circumstances such as those here presented, which fall short of suggesting fraud upon the court.
Rule 60(b), Ala. R. Civ. P., provides that a judgment that resulted from “fraud upon the court” may be set aside within three years after its entry. “Fraud upon the court” is limited to “ ‘that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.’ ” Brown v. Kingsberry Mortgage Co., 349 So.2d 564, 568 (Ala.1977) (quoting 7 Moore’s Federal Practice ¶ 60.33 at 515 (1975)). “Fraud found in the testimony of the original suit is not ‘fraud on the court.’ Errors found in the testimony are reviewable by appeal, not by a Rule 60(b) motion.... ” Brown, 349 So.2d at 568.
I was initially tempted to concur in the result and urge the trial court to treat the declaratory-judgment proceeding as the functional equivalent of a motion under Rule 60(a), Ala. R. Civ. P., thereby allowing relief “at any time.” However, because I have been unable to construe the complaint in the collection action as containing an internal inconsistency that could have led to a judgment in an amount satisfactory to the Gilberts, thereby opening the door to relief from the judgment, on the basis of a clerical mistake, I have concluded that Rule 60(a) does not apply. The complaint in the collection action does not suggest that a physician-patient relationship existed as to only one of the Gilberts. Compare Channel 13 of Las Vegas, Inc. v. Ettlinger, 94 Nev. 578, 583 P.2d 1085 (1978), applying the identical Nevada Rule 60(a) to correct a judgment in circumstances where the complaint contained *550 other information from which one could determine that the amount alleged to be due was incorrect.