DORETHEA S. POETZSCH and FRIEDA H. S. FLEGE, Plaintiffs, *v.* MARTIN MAYER and KATHARINA MAYER, his Wife, Defendants.

(Supreme Court, New York Special Term, May, 1921.)

Vendor and purchaser — title — when encroachments do not make title unmarketable — tax sales — easements.

Specific performance — action to compel — title — when plaintiff entitled to judgment.

The fact that the walls of a building which encroaches upon adjoining premises may remain undisturbed so long as the building, which had been erected over fifty years stands, does not make the title unmarketable.

An exception to taking title arising to a great extent from the difference of opinion of surveyors as to the location of ancient monuments, is of minor importance and in no way affects the marketability of the title to premises located in the older sections of the city of New York.

Tax sales invest the purchaser with only that title which the owner of the property had and the owner of an easement therein which was lawfully acquired prior to the levying of the tax under which the tax sales were made, is not divested of his property right in the easement.

In an action to compel specific performance of a land contract, it appeared that the premises adjoining on the south, and on which the premises in suit encroached eight and one-half inches, had been used for over a hundred and twenty years as an open alleyway and drive, and that the purchasers of the lots bounding thereon and their grantees have an easement therein. It further appeared that, although prior to 1893 the alley was not assessed by the city of New York, it was taxed from that year to 1915, when the assessment thereof ceased, and though it was sold several times for unpaid taxes no action to foreclose the tax liens had been brought. *Held,* that the purchaser at either of the tax sales took the title burdened with the easement of the purchasers of the lots adjoining the alley and that the encroachment complained of in no sense makes the title unmarketable, and plaintiff is entitled to judgment.

ACTION for specific performance of a contract for the sale of real estate.

Darwin J. Meserole, for plaintiff.

Charles W. Walter, for defendant.

COHALAN, J. This action is one for the specific performance of a contract for the sale of real estate situated in the county of New York. On the day and hour set for the closing of the title and delivery of the deed the defendants rejected the title on the ground that the same was unmarketable because of certain encroachments on adjoining properties. The title company examining the title raised six survey exceptions. The second and fourth exceptions do not make the title unmarketable. It appears from these exceptions that the walls of the premises in the instant case encroach upon the premises adjoining on the east and north. These walls have been erected for over fifty years and may remain undisturbed so long as the building stands. The third and sixth exceptions are such as are frequently found to exist in nearly all premises located in the older sections of our city and arise to a great extent from the differences of opinion of surveyors as to the location of ancient monuments. These exceptions are of minor importance and in no way affect the marketability of the title. Under exception one it appears that the southerly walls of the premises in question encroach eight and one-half inches on the premises adjoining on the south. This exception standing alone would not make the title unmarketable, for the same reasons that are given under exceptions two and four above, but under this exception we are faced with an additional difficulty. The premises adjoining on the south and on which the encroachment is made have for over 120 years been used as an open alleyway and drive. Prior to 1799 the premises adjoining this alley, together with the alley, were owned by one Sharpless, who laid out this alley and sold the lots

adjoining the same to various owners, providing in the deeds of conveyance that the alley was to be used in common by the inhabitants of the lots adjoining. The description in the deed out of Sharpless of the premises reads: ''And southerly by cartway 8 feet wide, running from Chapel street, and to be used in common by the inhabitants of lots adjoining.'' Prior to 1893 this alley was not assessed by the city of New York, and was shown on the land map of the city as an alley. From 1893 to 1915 it appears on the tax maps as lot 15 and was taxed during those years, and in June, 1907, the premises were sold for unpaid taxes for the years 1893 to 1907, amounting to approximately $1,800, and in 1913 were sold for unpaid taxes for the years 1907 to 1913. No action has been brought for the foreclosure of these tax liens. In 1915 it appears the city authorities ceased to assess this alleyway for taxes. The defendants contend that the encroachment in exception one is on property sold under the above tax sales and that they should not be compelled to accept title with this lien outstanding. The purchasers of the lots bounding on this alley and their grantees have an easement therein which is a property right. The purchasers at any tax sale and any sale in foreclosure of the liens could acquire no better title than the owner of this lot. They took the title burdened with this easement and property right. If they had no actual notice, they had constructive notice, as the recording act clearly applies. Tax sales and sales in foreclosure of tax liens invest the purchaser with only that title which the owner of the property had; it cannot divest a party situated as the plaintiff is here from a property right such as the easement is here and which was lawfully acquired prior to the levying of the tax under which the sales were made. To hold otherwise would infringe on the plaintiffs' constitutional rights and deprive them of their prop-

erty rights without due process of law. *Blenis* v.
*Utica Knitting Co.,* 73 Misc. Rep. 61; affd., 149 App.
Div. 936. If the liens could be foreclosed and the prop-
erty sold thereunder, the best position that the buyer
could be in would be no better than that in which are
the owners of the property on the north, which
encroaches at least a foot, and there is no doubt in that
instance but that the walls, having been standing for
over fifty years, would be allowed to stand so long as
the building remains. It follows, therefore, that the
fact of the tax sales being outstanding on the alley on
which the building encroaches eight and one-half inches
in no sense makes the title unmarketable. The claim
on the part of the defendant that he should not be
required to accept property the possession of which
he may be required to defend by litigation is not appli-
cable for the above reasons.

Judgment for plaintiff.