RENO ELECTRICAL WORKS, INC. *v.* WARD ET AL.

No. 2778

February 5, 1929.                    274 P. 196.

*Cooke & Stoddard,* for Appellant:

*LeRoy F. Pike,* for Respondent:

## OPINION

*Per Curiam:*

This is an appeal from a judgment and also from an order denying and overruling a motion for new trial. The parties will herein be designated as in the trial court.

The facts, in brief, are these: Prior to the commencement of the action, the defendant T. O. Ward, as owner in fee, leased to the defendant Kyne Investment Company of Nevada, a corporation, that certain building erected many years ago on lots 4 and 5, in block Q of the city of Reno, situate on Center Street. The lease contract is not made a part of the record. On taking possession of the building in April, 1923, the lessee opened and conducted a restaurant therein, known as "Kyne's Cafe," until the latter part of August or the first of September of that year, when it failed, went out of business, and its property was taken over by its creditors and the lease abandoned and forfeited.

During the tenancy, and in the month of July, 1923, the plaintiff, Reno Electrical Works, Inc., a corporation, at the special instance and request of the lessee, furnished and installed in said restaurant fifteen electrical fans of different sizes, but nothing distinctive or peculiar about their construction. Two of the fans were placed in an inclosure above the ranges in the restaurant, one in the front, and the other in the rear of the building, which fans are designated as "exhaust fans," and used for the purpose of expelling smoke and odors arising from cooking. The other fans are designated "oscillating fans," set at different places in the restaurant, and used for purposes of ventilation. The insulating material for the exhaust fans was secured to the walls of the building by screws and nails and the oscillating fans by nails. The aggregate charge made for the fans, insulating material, and labor was $1,005.70, which the lessee agreed to pay, and did pay on said amount the

sum of $357.50 which left a balance due for the fans, material, and labor so furnished the sum of $648.20. Having failed to receive payment of said sum, the plaintiff on September 13, 1923, filed its claim of lien against lots 4 and 5 and the building thereon owned by defendant lessor, T. O. Ward.

This action was commenced to recover judgment of $648.20 and for the foreclosure of the plaintiff's claim of lien. The case was tried to the court without the assistance of a jury, which resulted in a decision in favor of the plaintiff and against the defendant T. O. Ward. Upon the rendition of its decision, the court made and caused to be entered, over the objections of the defendant, its findings of fact and conclusions of law, and, upon its findings and conclusions, rendered the judgment from which the defendant appeals.

The defendant incorporated in its answer to the plaintiff's amended complaint several pleas in bar in the nature of pleas in abatement. In view of the conclusions we have reached, it is not deemed necessary to state and discuss the pleas.

The primary and basic question presented for decision is whether the plaintiff acquired a valid lien as against the lessor and owner of the lots and building thereon, for the whole or any part of its claim of $648.20.

Section 1 of an act approved March 2, 1875 (section 2213, Rev. Laws of Nevada), provides that "Every person performing labor upon, or furnishing material of the value of five ($5) dollars or more, to be used in the construction, alteration or repair of any building or other superstructure, railroad, tramway, toll road, canal, water ditch, flume, aqueduct or reservoir, building, bridge, fence, or any other structure, has a lien upon the same for the work or labor done or material furnished by each, respectively, whether done or furnished at the instance of the owner of the building or other improvement, or his agent.  *  *  * "

The plaintiff alleged in its complaint that the material and labor supplied was actually used in the alteration, repair, and construction of the defendant's building.

The finding of fact made by the court does not support the allegation. The court's finding reads as follows: "That the electrical fixtures, wiring and fans installed in the said premises by the said plaintiff became fixtures to the building and realty and were subject to lien."

It will be observed that the statute quoted does not specifically, or otherwise, mention fixtures, but it does use the expression "or other improvement." It is held, in many cases cited from other jurisdictions, that a mechanics' lien may be acquired for labor performed or material furnished in connection with the furnishing and installation of fixtures; that is, articles which were at one time personal property, but which are so attached to the realty as to become a part thereof. 40 C. J. 70. It is not now considered as absolutely necessary that an article be actually fastened to the freehold in order to make it a part thereof. The all-important questions are the intention of the person who brings it upon the land, the use to which it is to be applied, and its fitness for that purpose. Dawson v. Scruggs-Vandervoort-Barney Realty Co., 268 P. (Colo.) 584. The mere fact that the fans were a necessity for the tenant to carry on its business is not sufficient to subject the defendant lessor's property to the lien. The material and labor furnished related solely to the defendant's business. There is nothing in the evidence to show that it was the intention of the lessee or the lessor that the fans and insulating material were intended to be or become a part of the realty. It is true the insulating material was secured to the walls of the building by screws and nails, but not so secured as that the fans and materials could not be removed without injury to the insulation, and also the building. The proof shows that they were actually removed from the walls and the building subsequently rented to a Chinese physician.

The material furnished had no relation to the permanent improvement of the property of the lessor or the enhancement of its value. But if we assume that they were improvements, they were merely trade

fixtures, which did not constitute an integral part of the realty. Consequently plaintiff's claim of lien was not established. Mechanic's lien statutes do not allow a lien for trade fixtures or chattels, fixtures, improvements, or additions which a tenant will be permitted to remove at the expiration of his term. 40 C. J. 71. Entertaining this view, we are of opinion that the trial court erred in finding and in concluding from its findings that as a matter of law the material and labor furnished by plaintiff constituted a part of the defendant realty and subject to lien.

The judgment is reversed.