**LOTHROP et al. v. SOUTHERN PAC. CO.**
No. 2665.

District Court, D. Nevada.

Jan. 18, 1937.

John R. Ross, of Yerington, Nev., for plaintiffs.

George S. Brown and John S. Belford (of Brown & Belford), both of Reno, Nev., for defendant.

NORCROSS, District Judge.

Plaintiffs by their complaint pray judgment against defendant for damages for alleged unlawful removal of slag from a slag dump on land owned by plaintiffs and for trespasses committed in the movement of engines and cars over a track laid thereon. Defendant by its answer denies ownership in plaintiffs of the land upon which said slag dump is located and alleges ownership of said slag dump and right of way for removal thereof by contract and sale made by the Mason Valley Mines Company, the then owner of the land in controversy, by two separate agreements in writing executed respectively on May 10th and September 5, 1929.

There is no material conflict in the evidence respecting the facts of the case which are deemed decisive thereof. In the year 1929, and until the making of a conveyance hereinafter mentioned, the said Mason Valley Mines Company was the owner of all the land involved in this case and the slag dump referred to was from a smelter operated by said company. By the said agreement of May 10, 1929, the said Mines Company granted to defendant the privilege of removing from said slag dump such slag as defendant may require for use as ballast in the maintenance of its railroad and the right to construct and maintain upon the premises, during the life of the agreement, such tracks and appurtenances as may be necessary for the removal of said slag. Defendant was required to pay for said slag at the rate of 7 cents per ton and in a quantity that would aggregate $6,000 per year. The agreement contained an exclusive option to purchase the slag dump within one year upon the basis of 5 cents per ton. The agreement covered a period of eight years unless sooner terminated as therein provided and was made binding upon the successors and assigns of the parties thereto. By the terms of said agreement of date September 5, 1929, designated "Agreement and Bill of Sale," defendant exercised its option to purchase and purchased the entire slag dump estimated to contain one million tons for the agreed consideration of $50,000. Other provisions of the agreement of May 10, 1929, were continued in force. By deed of date July 8, 1929, Mason Valley Mines Company conveyed its said land holdings to Eastern Iron & Metal Company, "Subject, however, to the following express exception and reservation: There is reserved from this conveyance the slag dump at the smelter, together with all the necessary right-of-way for the removal of the same, as described in the existing agreement with the Southern Pacific Company; * * *"

On April 23, 1931, Eastern Iron & Metal Company conveyed the property to George Hay and Dave Holland, who on June 16, 1931, conveyed the same to Albert Duffil. Each of the two deeds last mentioned contained a reservation similar to that above quoted from the deed of the Mason Valley Mines Company. The said slag dump is located upon the S.E.¼ of section 17. The land conveyed by the deeds above mentioned was assessed for

the year 1931 to A. Duffil. The assessment roll described that portion in section 17 as follows: "S.E.¼ of S.E.¼ of S.W. ¼," and with the other land described by legal subdivisions was followed with the expression: "Barren 1320 Acres." The taxes were not paid and the delinquent tax list for the year 1932 described the land in said section 17 as follows: "S.E.¼ S.E. ¼ S.W.¼." Thereafter on July 18, 1932, there was sold by the treasurer of Lyon county to Lyon county the land in question and a certificate of sale issued with the same description respecting the portion in section 17. Thereafter on the following day, July 19, 1932, the treasurer executed a deed to Lyon county in pursuance of such sale in which the portion in section 17 is described as follows: "S.E.¼; S.E.¼ S. W.¼." In the deed last mentioned there also appears for the first time following the words "Pump and Pipe," for which an assessment of $300 was levied, the word: "Railroad." Upon application of the plaintiffs Julia Lothrop and John R. Ross to the board of county commissioners of Lyon county, the property assessed to A. Duffil was noticed for public sale and sold to said applicants for the consideration of the unpaid tax, penalty and costs, to wit, $498.27. A deed therefor was executed October 5, 1933. On June 21, 1935, the said John R. Ross by deed conveyed his interest so acquired to the plaintiff Margaret Ross. Complaint in this action was filed in the state court July 24, 1935, and thereafter the action removed to this court.

It is the contention of defendant that plaintiffs are not the owners of the slag dump for two reasons: First, because the S.E.¼ of section 17 was never assessed to A. Duffil, and plaintiffs could not acquire under their tax title deed land not assessed; and, second, because the slag dump was personal property and was so regarded by the Mason Valley Mines Company and defendant in the said agreements, and bill of sale respecting the same and title thereto could not pass under a tax deed of the land upon which the same was situated even though no question existed respecting the tax assessment.

■ With respect to the first contention made, we are of opinion the same is without merit. Duffil by the deed to him obtained title to the S.E.¼ and the S.E.¼ of the S.W.¼ of section 17. While the as-

sessment roll in respect to this land in this particular section contained a misdescription in that it read, "S.E.¼ of S.E.¼ of S.W.¼," the roll contained other statements from which the correct description intended can be ascertained. Land in five different sections was described by legal subdivisions and the total acreage given as 1320 acres. The land described as portions of four sections other than section 17, totals 1,120 acres, leaving remaining 200 acres, the correct acreage owned by Duffil in section 17 as appears from the recorded deed. The general rule which courts frequently are called upon to apply to the effect that that is certain which is capable of being made certain is applicable to the instant case. Ontario Land Co. v. Yordy, 212 U.S. 152, 29 S.Ct. 278, 53 L.Ed. 449, affirming 44 Wash. 239, 87 P. 257; Campbell v. Shafer, 162 Cal. 206, 121 P. 737; Smart v. Peek, 213 Cal. 452, 2 P.(2d) 380.

■ With respect to the second contention of defendant that the slag dump should be regarded as personal property acquired by defendant and hence did not pass by deed to Duffil, we are of opinion is well taken. Manson v. Dayton (C.C.A.) 153 F. 258; Reno Electrical Works v. Ward, 51 Nev. 291, 274 P. 196, 62 A.L.R. 247; Schiltz v. Ferguson, 210 Iowa, 677, 231 N.W. 358.

■ The main question presented upon the record is whether plaintiffs by virtue of the deed from Lyon county acquired any greater rights in the land assessed to Duffil than the rights possessed by Duffil therein at the time such assessment was levied. As pointed out in 'Corpus Juris, the statutes enacted by some of the states give greater force to a tax deed than would otherwise be the case. It is not contended that this question here presented is affected by any such provision of statute. It is clear we think that this case is governed by the rule that the purchaser of real porperty at a tax sale takes the same subject to any conditions limiting or affecting the then owner's title thereto at the time the assessment was levied. McDonald v. Hannah (C.C.A.) 59 F. 977; Dorn v. Baker, 96 Cal. 206, 31 P. 37; Syme v. Warden, 114 Cal.App. 707, 300 P. 863; Poetzsch v. Mayer, 115 Misc. 422, 189 N.Y.S. 695; 61 C.J. 1290, 1310, 1829.

In accordance with this rule, plaintiffs are not entitled to recover. Judgment for defendant.