YOUNG ELECTRIC SIGN COMPANY, Appellant, v.
ERWIN ELECTRIC COMPANY, Respondent.

No. 5982

December 10, 1970                    477 P.2d 864

*Johnson & Sloan,* of Reno; *Tanner & Gold,* of Salt Lake
City, Utah, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of
Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

During the month of December 1965, North Swanson, d/b/a Reno Turf Club, not a party to this appeal, contracted to lease a large electrical sign from the appellant to be erected near the Reno Turf Club in Reno, Nevada. Later Swanson contracted with the respondent to provide services and materials to improve and make the sign operative. The respondent performed its contract and billed Swanson for the sum of $5,-095.00, which was not paid. The respondent then filed a notice of claim of lien with the recorder of Washoe County, and thereafter commenced an action seeking recovery against Swanson for nonpayment, and against the appellant for foreclosure of the mechanic's lien that had been lodged against the sign.

The case was tried before the district court, without a jury, upon an evidentiary hearing, and the briefs submitted by the parties. Judgment was entered against Swanson for the sum of $5,095.00 plus interest, attorney's fees and costs, and the respondent was also granted a lien upon the electrical sign for those amounts. This appeal is taken from that part of the judgment which impressed a lien upon the appellant's sign.

It is contended by the appellant that the district court erred when it decided ( 1 ) that the electrical sign was lienable as "any

other structure" under the provisions of NRS 108.222(1);[1] (2) when it determined that it was unnecessary that there be an employment contract between the appellant who owned the sign and the respondent who furnished labor and material before a lien could attach; (3) when it decided that a lien under NRS 108.222 could attach to the sign without attaching to an interest in the real property; (4) when it decided that the appellant was required to file a statutory notice of nonresponsibility as is required by NRS 108.234 to preclude a lien on the sign and (5) when it decided that the respondent was not required to serve a statutory notice on the appellant as required by NRS 108.2394, in the event a lien would subsequently attach to the sign under NRS 108.222.

The primary and basic question submitted to the district court was whether the respondent acquired a valid lien against the sign affixed to the real property of Swanson, the appellant's lessee.

Here the contract between the appellant and Swanson provided that the sign would remain the personal property of the appellant and would not become "a fixture or appurtenant to such realty."[2] On the strength of this contractural provision the appellant claims that the sign was not subject to a mechanic's lien. The appellant misconceives the law. A contract expressing the intention of the parties only binds those parties and their privies when determining whether a particular object or chattel becomes a fixture to real property. As to all others, without notice, they were entitled to allow the physical appearance of the appurtenance to speak for itself.

It is undisputed that the sign was securely attached to the real property owned or leased by Swanson. Both parties rely

---

[1]NRS 108.222(1): "Every person who performs labor upon or furnishes material of the value of $50 or more, to be used in the construction, alteration or repair of any building, or other superstructure, railway, tramway, toll road, canal, water ditch, flume, aqueduct or reservoir, building, bridge, fence or any other structure has a lien upon such premises and the buildings, structures and improvements thereon for work or labor done or material furnished or rented, as the case may be, by each respectively, whether done or furnished at the instance of the owner of the building or other improvement, or at the instance of his agent."

[2]"(n) The SIGN shall, at all times, be deemed personal property, and shall not by reason of attachment or connection to any realty become or be deemed a fixture or appurtenant to such realty and shall at all times be severable therefrom, and shall be and remain at all times the property of Lessor, free of any claim or right of Lessee, except as set forth herein."

on Barnes v. Montana Lumber & Hardware Co., 67 Mont. 481, 216 P. 335 (1923), for the definition of "structure" used in statutes authorizing mechanic liens. There the court said: "We are however, of the opinion that a 'structure,' to be lienable, must, at the same time the labor is performed upon it or the materials are used in connection with its creation, improvement, or repair, be attached to land. In other words, without partaking of that nature of fixtures which in certain instances makes them nonremovable portions of the real estate, the 'structure' must be affixed to the land or be of or appurtenant to it, before a valid lien can be secured thereon." In Reno Electrical Works v. Ward, 51 Nev. 291, 274 P. 196 (1929), this court construed the words "or other improvements" to include fixtures.

Here, however, the appellant contends that the district court compounded its error when it failed to apply the doctrine of *ejusdem generis*[3] in interpreting NRS 108.222. We affirm the findings of the district court that "any other structure" included the electrical sign. See Orr Ditch & Water Co. of Reno Tp. v. Justice Court, 64 Nev. 138, 178 P.2d 558 (1947).

If the intention of a statute is clear, courts do not resort to the rule of *ejusdem generis* because the statute must control. Courts may not read something into the statute which is not there. Where a general term in a statute follows specific words of a like nature, it takes its meaning from those specific words and is presumed to embrace the kind of things designated by the specific words. The words "any building, or other superstructure, railway, tramway, toll road, canal, water ditch, flume, aqueduct or reservoir, building, bridge and fence" listed in NRS 108.222 are unlike in meaning and specify different subjects. Many of them embrace all subjects of their class but indicate a different meaning from the preceding specific words.

In Helvering v. Stockholms & c. Bank, 293 U.S. 84, 79 L.Ed. 211, 55 S.Ct. 50 (1934), the United States Supreme Court said: "[W]hile the rule [of ejusdem generis] is a well-established and useful one, it is, like other canons of statutory construction, only an aid to the ascertainment of the true meaning of the statute. It is neither final nor exclusive. To ascertain the meaning of the words of a statute, they may be submitted

---

[3]Webster's Third New International Dictionary (1968) defines *ejusdem generis:* "Used in law to limit the application of a broad term to a specific class of things." See also Orr Ditch & Water Co. v. Justice Court, supra.

to the test of all appropriate canons of statutory construction, of which the rule of ejusdem generis is only one. If, upon a consideration of the context and the objects sought to be attained and of the act as a whole, it adequately appears that the general words were not used in the restricted sense suggested by the rule, we must give effect to the conclusion afforded by the wider view in order that the will of the legislature shall not fail."

The legislature foresaw that there could be constructed in this state, in the future, "other structures" as different from a railway as a railway is different from a building or a water ditch. It enacted a statute not only for the present but one that would be enduring and effective in the future. The respondent was entitled to view the sign as a fixture and the trial court was correct when it found the sign to be "any other structure" within the scope of NRS 108.222, and lienable.

In another tentacle of the appellant's argument it contends that in any event the sign was not lienable because it was a "trade fixture." Trade fixtures are not subject to a mechanic's lien. Reno Electrical Works, Inc. v. Ward, 51 Nev. 292, 274 P. 196, 62 A.L.R. 247 (1929); Van Ness v. Pacard, 2 Pet. 137, 7 L.Ed. 374 (1829). The sign is not a trade fixture belonging to the appellant.

When a tenant places a fixture upon the real property of the landlord with the landlord's consent it takes on the nature of a trade fixture. In Willcox Boiler Co. v. Messier, 1 N.W.2d 130 (Minn. 1941), that court stated: "On the general law of fixtures an exception has been 'ingrafted . . . due to the growing necessities of trade, that certain articles ordinarily fixtures, attached by a tenant for trade purposes, may be removed during the tenancy. Such articles are known as 'trade fixtures.' Northwestern Lbr. & W. Co. v. Parker, 125 Minn. 107, 111, 145 N.W. 964, 965. The reason of this exception goes to the important consideration of intention. It is 'based upon the rule that the law implies an agreement that it [the fixture] shall remain personal property from the fact that the lessor contributes nothing thereto and should not be enriched at the expense of his tenant when it was placed upon the real estate of the landlord with his consent.' 22 Am.Jur., Fixtures, § 61, quoting from Cameron v. Oakland County G & O Co., 277 Mich. 442, 452, 269 N.W. 227, 107 A.L.R. 1142. So, where a tenant has placed trade fixtures on the realty with the right of removal, denial of

lien is compelled by the tenant's right to remove. Because of that right, the thing never became part of the realty."[4]

The doctrine of trade fixtures is limited in its application to situations where the landlord and tenant relationship exists, and is not applicable in the case where an owner of the land attaches a fixture to the realty. Cusack v. Prudential Ins. Co., 134 P.2d 984 (Okla. 1943); Willcox Boiler Co. v. Messier, supra; Frost v. Schinkel, 238 N.W. 659 (Neb. 1931).

Here there was no landlord-tenant relationship between the appellant and Swanson. Swanson was in the role of the owner of the real property. Only if the appellant had been Swanson's tenant and had placed the sign upon the real property for the purpose of carrying on its trade or enhancing its business could it have invoked the trade fixture doctrine.

The appellant's contention that one who supplies labor or materials for an improvement or structure can not lien the appurtenance without liening the real property upon which it is located is unsupported in the law. NRS 108.222 specifically authorizes a lien upon the structure as well as the premises.

And in Western Electric Co. v. Cooley, 251 P. 331 (Cal. App. 1926), that court held that an electrical power line was a "structure" within their mechanic's lien statutes, and one who furnished material to such power line was entitled to a lien against it, although the real property upon which the line was located was a public highway owned and controlled by the state. In English v. Olympic Auditorium, 20 P.2d 946, 87 A.L.R. 1281 (Cal. 1933), the California Supreme Court quoting with approval from Western Electric Co. v. Cooley, supra, said: "Under these statutory provisions, the lien on the building, or other structure, is the primary thing, and the lien in the land is merely an incident to it. No lien can be acquired on the land, if none is acquired on the building, but a lien may exist on the building without attaching to the land. Hence it is not essential to the existence of a mechanic's lien on a building that the person causing its erection should have owned or had any interest in the real property on which it is located."

---

[4] 35 Am.Jur.2d Fixtures, Sec. 3.

The appellant's argument that it is improper to assert a lien against the sign because there is no binding contract between appellant and respondent is equally without merit. NRS 108.-222(3) provides in pertinent part: "Every . . . person having charge or control . . . of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as these terms are used in subsection 1, shall be held to be the agent of the owner, for the purposes of NRS 108.221 to 108.2394, inclusive."

The record clearly shows that Swanson was the agent of the appellant and bound the appellant under NRS 108.222, when he contracted with the respondent for necessary improvements to the sign.[5] Verdi Lumber Co. v. Bartlett, 40 Nev. 317, 161 P. 933 (1916).

Although the respondent concedes that the district court erred when it found that the appellant had not filed the statutory notice of nonresponsibility required by NRS 108.234, because that statute applies only to owners of real property, we do not agree. We find the district court to be without error. When the sign became a fixture on the real property by reason of its attachment thereto, it took on the nature of real property and its owner was bound to timely file a notice of nonresponsibility to protect the sign from being subject to a lien recorded in accordance with the provisions of NRS 108.221 to 108.2394.

Considering the appellant's final contention, the respondent points out that it was not raised in the district court and cannot be raised here for the first time. The appellant does not deny the respondent's assertion, but only controverts its authorities. Because the appellant's contention does not present a jurisdictional question it cannot be raised for the first time on appeal. Paterson v. Condos, 55 Nev. 260, 30 P.2d 283 (1934); Parks v. Garrison, 57 Nev. 480, 67 P.2d 314 (1937); City of Los Angeles v. Eighth Judicial District Court, 58 Nev. 1, 67 P.2d 1019 (1937). Cf. Cottonwood Cove Corp. v. Bates, 86 Nev. 751, 476 P.2d 171 (1970).

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[5] 79 ALR 962 and 163 ALR 992.