ERICKSON CONSTRUCTION CO., A NEVADA CORPORATION, APPELLANT, v. NEVADA NATIONAL BANK, RESPONDENT.

No. 6946

September 10, 1973          513 P.2d 1236

. *McCune & Williams* and *Virgil D. Dutt,* of Reno, for Appellant.

*Breen, Young, Whitehead & Hoy, Chartered,* of Reno, for Respondent.

---

## OPINION

By the Court, MOWBRAY, J.:

Appellant, Erickson Construction Co., commenced this action to foreclose its mechanic's lien on a building it had constructed. One of the defendants in the action, Respondent Nevada Bank of Commerce, now Nevada National Bank, held a prior recorded deed of trust. On a stipulated set of facts, the lower court granted summary judgment in favor of the Bank, holding that: (1) The security of the recorded deed of trust held by the Bank extended to a subsequently erected building; (2) the lien of the deed of trust had priority over a mechanic's lien that came into existence after the recordation of the deed of trust; and (3) the purchase at the foreclosure sale by a senior lien claimant eliminated the junior liens. Erickson now appeals, contending that the mechanic's lien is a severable lien attaching to the improvements only and not the real property. We do not agree.

1. *The Facts.*

Magnum T. Inc. of Nevada was the fee owner of the subject property, and on June 15, 1966, executed a promissory note and deed of trust in the sum of $66,000 in favor of Nevada National Bank, formerly Nevada Bank of Commerce. Various sums were advanced by the Bank under said note from June 21, 1966, through December 14, 1967. On July 27, 1966, Erickson commenced construction on the subject property, and a notice of completion was recorded on November 8, 1966. Erickson recorded a mechanic's lien upon the property on December 13, 1966, and amended its claim on March 16, 1967. When Magnum failed to make payments on the note as

they became due, the Bank commenced foreclosure proceedings under the deed of trust. On July 14, 1967, the Bank recorded a notice of breach and election to sell under the deed of trust. The property was duly noticed for sale and was sold to the Bank for $48,712 in satisfaction of a portion of the indebtedness then secured by the deed of trust. Erickson then brought this action to foreclose its mechanic's lien upon the subject property. The Bank, as one of the defendants below, opposed the action on the ground that the lien was extinguished by the foreclosure of the deed of trust.

The priority of liens in this State is established by NRS 108.225, which provides that mechanics' liens are superior to mortgages or other encumbrances only when such liens or encumbrances have attached subsequent to the time construction was commenced or when the lienholder had no actual or constructive notice at the time work was commenced.[1]

There is no statutory provision in the State of Nevada for the severability of liens, and this concept has been rejected in states having statutes similar to those of Nevada. In Barr Lumber Co. v. Shaffer, 238 P.2d 99 (Cal.App. 1951), the California court rejected the concept of severability of liens and, in affirming the principle of the superiority of prior recorded mortgages over subsequent liens, at 101 cited Basham v. Goodholm & Sparrow Inv. Co., 152 P. 416, 420 (Okla. 1915), as follows:

". . . '* * * [T]here are many states which permit materialmen and mechanics, who furnish material and labor to improve land upon which there is a prior recorded mortgage, to obtain a lien on the improvements so constructed superior

---

[1]NRS 108.225:

"1. The liens provided for in NRS 108.221 to 108.2395, inclusive, are preferred to:

"(a) Any lien, mortgage or other encumbrance which may have attached subsequent to the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished.

"(b) Any lien, mortgage or other encumbrance of which the lienholder had no notice and which was unrecorded at the time the building, improvement or structure was commenced, work done, or the materials were commenced to be furnished.

"2. Every mortgage or encumbrance imposed upon, or conveyance made of, property affected by the liens herein provided for between the time when the building, improvement, structure or work thereon was commenced, or the materials thereof were commenced to be furnished, and the expiration of the time herein fixed in which liens therefor may be recorded, whatever the terms of payment may be, shall be subordinate and subject to the liens in full herein authorized, regardless of the date of recording of the liens."

to the mortgage lien, but such priority operates only upon the improvements, the mortgage holder still retaining his priority as to the land; but, as this rule contravenes the common law, it cannot be done in the absence of an expressed statute which plainly authorizes it. It will be noted that statutes that authorize it are clear and explicit, and leave nothing to conjecture.'" See also Utah Sav. & Loan Ass'n v. Mecham, 366 P.2d 598 (Utah 1961); Nelson v. Bailey, 338 P.2d 757 (Wash. 1959).

One who undertakes construction of improvements on real property that is subject to a recorded mortgage or deed of trust does so with constructive notice of the prior encumbrance, and any mechanics' liens that may arise out of the construction of the intended improvements are junior and subordinate to the earlier recorded mortgage or deed of trust. We hold, therefore, that appellant's mechanic's lien was subject to the prior recorded deed of trust of the Bank and that, when the Bank foreclosed on its deed of trust, the mechanic's lien was extinguished. Call v. Thunderbird Mortgage Co., 375 P.2d 169 (Cal. 1962); Jones v. Sacramento Sav. & Loan Ass'n, 56 Cal.Rptr. 741 (Cal.App. 1967).

The judgment of the lower court is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.