EVERETT BRUNZELL, Appellant, *v.* LAWYERS TITLE INSURANCE CORPORATION, a Virginia Corporation, Respondent.

No. 15671

August 27, 1985                              705 P.2d 642

*Hill, Cassas, de Lipkau and Erwin,* Reno, for Appellant.

*Henderson & Nelson,* and *James M. Walsh,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In a previous opinion, this Court affirmed a judgment for appellant Everett Brunzell foreclosing a mechanic's lien against the Eagle's Nest condominium development in Reno. Eagle's

Nest v. Brunzell, 99 Nev. 710, 669 P.2d 714 (1983) *(Brunzell I)*. We remanded with instructions to add to the judgment appropriate prejudgment interest and attorney's fees. *Id.*

Following the district court's recalculation of his award, Brunzell demanded satisfaction of the entire judgment from respondent Lawyers Title Insurance Corporation (LTI). LTI is the title insurance carrier for thirty-six[1] of the seventy-two units in the development. LTI issued the title insurance policies after Brunzell filed the mechanic's lien and with actual knowledge of it. Nine other units were sold to third parties before Brunzell filed his lien and were not subject to it. A prior deed of trust on the remaining twenty-seven units had been foreclosed thereby extinguishing Brunzell's lien. LTI offered to pay Brunzell 1/72nd of the judgment for each unit it insured in exchange for the release of that unit from the lien. Brunzell rejected the offer. Brunzell then initiated a sheriff's sale of several units. LTI sought and obtained an injunction restraining Brunzell from going forward with the sheriff's sale. On March 1, 1984, the district court ordered Brunzell to release the lien on each unit upon receipt of payment of 1/72nd of the judgment. On April 20, 1984, LTI tendered 36/72nds of the judgment to Brunzell and the district court entered an order releasing and discharging the lien on the thirty-six units insured by LTI. Brunzell then brought this appeal.

Brunzell suggests that apportionment is not an available remedy in the instant case. We disagree. We hold that apportionment of a lien arising out of the original construction of a condominium project is consistent with the principles underlying mechanics' liens.[2]

"The purpose of the mechanic's lien statute is to permit a lien upon premises where benefit has been received. . . ." Kobayashi v. Meehleis Steel Co., 472 P.2d 724, 727 (Colo.App. 1970). *See also* Young Elec. Sign Co. v. Erwin Elec. Co., 86 Nev. 822, 825, 477 P.2d 864, 866 (1970). That is, the property that has been improved stands as security for payment of the costs of the improvement. Lien statutes provide "for the payment of the

---

[1] At different points in the record, it appears that LTI insured either thirty-five or thirty-six of the Eagle's Nest units. For the purposes of this opinion, we will assume that the correct number is thirty-six.

[2] The district court held that NRS 117.080 required apportionment of Brunzell's lien. NRS 117.080 provides for apportionment of liens based upon work requested by an individual condominium unit owner or owners. E.D. McGillicuddy Const. Co. v. Knoll Rec. Ass'n, Inc., 31 Cal.App.3d 891 (1973) (interpreting a statute identical to NRS 117.080). NRS 117.080 does not apply to liens, such as the lien in the case at bar, predicated upon work done in the original construction of a condominium development. *Id.*

claims of builders, mechanics and materialmen out of the property to which their work and material have contributed an increased value." Williams Bros. Const. v. Vaughn, 631 P.2d 688, 690 (Mont. 1981) (citing Smith v. Gunniss, 144 P.2d 186, 189 (Mont. 1943). Apportionment of a blanket lien arising out of the construction of an entire development furthers this purpose. Apportionment ensures that certain property, here a condominium unit, which is liable for the costs of its own improvement will not also be liable for the improvement costs of other property. We note that as a general principle, a blanket lien cannot be enforced against less than all of the tracts or parcels. *See* Annots. 68 A.L.R.3d 1300, § 2.

We hold that the district court properly apportioned the judgment among all seventy-two units in the Eagle's Nest project. Brunzell was aware that he was constructing a multi-unit condominium development. There is no evidence that the entire cost of the project is not equally divisible among all the units. Ten of the individual units had been sold before Brunzell filed the mechanic's lien. The lien was extinguished as to twenty-seven units due to foreclosure of a prior deed of trust. This Court has held,

> One who undertakes construction of improvements on real property that is subject to a recorded mortgage or deed of trust does so with constructive notice of the prior encumbrance, and any mechanics' liens that may arise out of the construction of the intended improvements are junior and subordinate to the earlier recorded mortgage or deed of trust.

Erickson Constr. Co. v. Nevada Nat'l Bank, 89 Nev. 350, 353, 513 P.2d 1236, 1238 (1973). Brunzell took the risk that any lien he might file would be lost due to foreclosure of the prior deed of trust. Thus, for reasons beyond the control of the individual owners of the thirty-six units insured by LTI, only their units remained subject to Brunzell's lien when he sought to enforce the judgment. To allow Brunzell to recover the entire amount of the judgment from one-half of the units would be inconsistent with the purpose of mechanics' liens.

For these reasons we affirm the judgment of the district court. *See* Hotel Riviera Inc. v. Torres, 97 Nev. 399, 632 P.2d 1155 (1981) (if result below is correct it will not be disturbed on appeal even though the district court relied upon wrong reasons). Appellant's remaining contentions have been considered and found to be without merit. Accordingly, we affirm.