112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST AMERICAN TITLE COMPANY OF NEVADA, a Nevada
Corporation, Plaintiff,
v.
Huey JAMES, Defendant,
and
Peter Flangas, Defendant-Appellant,
and
United States Internal Revenue Service, Defendant-Appellee.
 No. 96-15870.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Peter Flangas, owner of a one-sixth interest in mortgaged real property in Nevada, appeals the district court's summary judgment in an interpleader action brought by First American Title Company to establish the priority of funds obtained when the property was sold at a foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's summary judgment de novo, see Damron v. Herzog, 67 F.3d 211, 213 (9th Cir.1995), cert. denied, 116 S.Ct. 922 (1996), and we affirm.
 
 
 3
 Flangas contends that because he is not personally liable for a mortgage executed by a co-owner, the district court erred by holding that he (Flangas) was entitled to one-sixth of the surplus after the foreclosure sale, as opposed to one-sixth of the entire sale proceeds. This contention lacks merit.
 
 
 4
 Flangas concedes that his interest in the property was conveyed by quitclaim deed and was subject to the mortgage. The purchase of part of the mortgaged property renders that part proportionately liable for payment of the debt. See Brunzell v. Lawyers Title Ins. Corp., 705 P.2d 642, 643 (Nev.1985) (per curiam) (holding that judgment for mechanic's lien properly was apportioned among all condominium units, even though many units were not subject to lien). See also Miller v. Federal Land Bank of Spokane, 587 F.2d 415, 420 (9th Cir.1978) (holding that under Montana law, even though mortgage is mere security for payment of debt or discharge of obligation, it imposes lien upon entire property mortgaged), cert. denied, 441 U.S. 962 (1979). Accordingly, the district court properly concluded that when Flangas received his portion of the mortgaged property, that portion remained proportionately liable for the mortgage. See Damron, 67 F.3d at 213.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3