FIRST NATIONAL BANK OF NEVADA, ADMINIS-
TRATOR WITH THE WILL ANNEXED OF LEONARD
H. WOLFF, DECEASED, RESPONDENT, *v.* SYLVIA
L. WOLFF, APPELLANT.

No. 3566

February 15, 1949.                    202 P.2d 878.

*Norman H. Samuelson,* of Reno, for Appellant.

*John S. Belford,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

The case is before the court on a motion to dismiss the appeal.

The action was brought by plaintiff, Leonard H. Wolff,

to secure a divorce from defendant, Sylvia L. Wolff, appellant herein, upon the ground of extreme cruelty. It was alleged in the complaint and admitted in the answer that there was no community property belonging to the parties. The only relief sought by the answer was a denial of the divorce.

The trial of the action was had on September 9, 1948, and a decree of divorce granted to plaintiff. No issue concerning property was raised in the trial court, and except for the finding "that there is no community property belonging to the parties," no mention of property is made either in the findings or decree.

Thereafter, a motion for a new trial was made by defendant and denied on October 22, 1948. It is from the decree and the order denying this motion that the appeal is taken.

Plaintiff died on October 23, 1948. In due course his will was admitted to probate and letters of administration with the will annexed issued to respondent, First National Bank of Nevada. Thereafter respondent, as such administrator, was substituted as plaintiff in the action.

After the appeal was perfected respondent moved to dismiss the same upon the following grounds:

"1. That Leonard H. Wolff, plaintiff below, died on October 23, 1948.

"2. That the action is one relating to a purely personal status and that the death of Leonard H. Wolff abates the same.

"3. That no property rights are involved in this action.

"4. That the questions raised on the appeal have now become moot and that it is futile to pursue the appeal further."

In opposition to the motion appellant filed two affidavits setting forth certain property rights which she claims will be prejudiced unless the decree is reversed.

■ Where a party to a divorce action dies pending

an appeal from the decree, the appeal abates unless property rights are involved. This rule is supported by the great weight of authority and has twice been approved by this court. See Lemp v. Lemp, 62 Nev. 91, 141 P.2d 212, 148 A.L.R. 1104, and Morrow v. Morrow, 62 Nev. 492, 156 P.2d 827. The reasons for the rule are set forth in those cases and need not be repeated here. This brings us to a consideration of whether or not property rights are involved in this action.

Appellant relies upon the following as constituting "property rights," as that term is used in cases which have considered this question; her interest in furniture, furnishings and household articles which were given to the parties, purchased by them or brought into the household by appellant; "substantial joint property rights under the laws of the State of Colorado"; her right to take under decedent's will, and to a family allowance from his estate should the decree be reversed.

In granting a divorce, the court may make such disposition of the community property of the parties and set apart such portion of the husband's separate property for the support of the wife as is just and equitable. Sec 9463, N.C.L. Supp.1931–1941, as amended by stats. 1943, p. 117. However, in this case there was no community property and no issue concerning property of any kind was tendered to the lower court for determination.

It is doubtful if the title of the parties to the furniture, furnishings and household equipment could have been litigated in the trial court, Lemp v. Lemp, supra, but this question is not before us for decision. However, it is fundamental that where property rights are not in issue in a divorce action, a decree which is limited to granting a divorce in no way prejudices such rights. Upon the entry of such a decree the former separate property of the husband and wife is his or her individual property, and the property formerly held by the community is held by the parties as tenants in common.

Ambrose v. Moore, 46 Wash. 463, 90 P. 588, 11 L.R.A., N.S., 103; Le Baron v. Le Baron, 23 Ariz. 560, 205 P. 910.

■ From the necessities of the case the right of either party after a divorce has been granted, to enforce his or her rights to such property in a separate action brought for that purpose cannot be doubted. De Godey v. Godey, 39 Cal. 157; Johnson v. Swanson, 209 Ark. 144, 189 S.W.2d 803.

■ Since the decree appealed from in no way prejudices any rights of appellant to such furniture, furnishings or equipment, and since no issue as to such property was raised in the lower court, the action cannot be revived for the purpose of determining such rights.

■ "The primary and substantive subject of litigation in a suit for divorce is the personal relation of the parties, and their right to the community property is but incidental thereto. If, before a decision under that question is made, one of the parties dies, the action cannot be continued for the purpose of determining the rights of property; and, if there was originally no issue upon this subject, it cannot be revived, in case of death after judgment, for the purpose of having this question adjudicated. In the absence of any reference thereto in the decree, the parties to the suit became tenants in common of the community property, and the death of the plaintiff after the entry of judgment did not impair the appellant's right thereto; but this right must be enforced in an independant action (De Godey v. Godey, 39 Cal. 157), in which all who may have any interest therein should be made parties." Kirschner v. Dietrich, 110 Cal. 502, 42 P. 1064, 1065.

■ As to the claim of appellant that "* * * there were substantial joint property rights under the laws of the State of Colorado," no showing is made that these rights now exist, or of what they consist or consisted, what particular laws of Colorado give rise to them, in what manner they were or are connected with the divorce action or that appellant's proper remedy is not

a separate action to enforce them. In the absence of such a showing we are unable to consider such alleged rights.

The decedent's will (Par. 1) provides as follows:

"To my wife, Sylvia Wolff, I give one-half of my estate if we are married at the time of my death; if we are not married at the time of my death, I give the portion which would otherwise have gone to my wife, to my sister, Louise Elzer."

Appellant contends that her interest under the will is a property right and that if the decree be reversed she will take thereunder as though she had, in fact, been married to decedent at the time of his death. In support of this position great reliance is placed upon the following statement in Lemp v. Lemp, supra [62 Nev. 91, 141 P.2d 216]:

"Though there is no controversy as to property rights in this case, it could be argued that there may be property rights in fact, and that appellant might be denied her right of inheritance or other property rights unless the judgment awarding plaintiff a divorce be reversed."

In the cases called to our attention which are concerned with the question now before the court, rights granted by operation of law and based upon the marital relationship, such as dower and homestead rights, are held to be "property rights." On the other hand, rights created by act of the parties and having no basis in the marital status, such as a debt, are not "property rights."

Although the word "inheritance" is sometimes loosely used to refer to property acquired either by descent or under a will, its legal meaning is limited to property which descends to an heir.

"Inheritance—An estate which has descended to the heir and has been cast upon him by the single operation of law. Inheritance, descent or hereditary succession is the title whereby a man, on the death of an ancestor, acquires his estate by right of representation as his heir at law." Ballentine's Law Dictionary.

"Inheritance—A perpetuity in lands to a man and his

heirs; the right to succeed to the estate of a person who dies intestate." Bouvier's Law Dictionary, Rawle's Third Rev.

It is to be noted that a right to an inheritance is conferred by operation of law, and when the wife is the heir of the husband, is based upon the marital relationship. It is therefore similar to the marital rights discussed above. If, in this case, we held that the word "inheritance" included property received by devise or bequest, we would not only improperly extend the meaning of the word, but would also extend the meaning of the term "property rights" as it is commonly understood in cases of this kind. We perceive no reason why this should be done.

The interest of appellant under decedent's will is entirely different from a right of inheritance, dower, homestead or other marital right. It is not a right arising by operation of law and based upon marital status. Since everything that would pass under the will of decedent was his separate property, he had complete testamentary freedom, unhampered by any right of appellant, marital or otherwise. The fact that appellant would have taken under the will had she been married to decedent at the time of his death, does not alter the situation. She would have taken, not by right of statute, but by choice of the testator, precisely as would any other beneficiary under the will.

Another reason, sufficient in itself, for holding the questions raised by the appeal to be moot, so far as appellant's claim under the will is concerned, is that she can, in no event, take thereunder.

"A complete dissolution of the marriage relation and restoration of the parties to the status of single persons immediately follows the rendition of the final decree of divorce." Keezer on Marriage and Divorce, 2d Ed. sec. 535.

Since an appellate review in this state is in the nature of a writ of error, the perfection of an appeal does not vacate or suspend the judgment appealed from.

Cain v. Williams 16 Nev. 426; Brooks v. Nevada Nickel Syndicate, 24 Nev. 311, 53 P. 597.

■ Under the circumstances appellant and decedent were not married to each other on October 23, 1948, the date of his death. We are not concerned here with the question of the restoration of rights by the reversal of a decree, but rather with the construction of a will. Since a will speaks as of the death of the testator, and since, "A will takes effect at the death of the testator; not before and not after," Page on Wills, sec. 938, the status of the parties is to be determined as at that particular time.

■ "An express condition, or a limitation, which shows that testator does not intend the gift to take effect unless the beneficiary is his wife at the time of his death, will be enforced." Life time edition, volume 1, Page on Wills, sec. 522.

Appellant was not the wife of decedent at the time of his death and the will in question contains such an express condition. We see no reason why it should not be enforced.

■ As stated above, appellant claims that the decree appealed from deprives her of property rights in that she would be entitled to a family allowance from decedent's estate if she were restored to the status of his widow. There are at least two reasons why this claim cannot prevent the abatement of the appeal.

Such a right is merely one for support for a limited period of time; a right which cannot be assigned and which can be enjoyed by the recipient alone. It is therefore a purely personal right. Foy v. Smith's Estate, 58 Nev. 371, 81 P.2d 1065.

If appellant has a reasonable maintenance derived from other property the allowance, in all probability, would be made only to a minor child. See sec. 9882.118, N.C.L. Supp. 1931–1941. No showing was made by the appellant as to her needs.

The appeal is dismissed.

Horsey, C. J., and Badt, J., concur.