DEBORAH JOYCE AMIE, Appellant, v.
FREDERICK AMIE, Respondent.

No. 20384

August 21, 1990                                    796 P.2d 233

*Fitzgibbons & Anderson,* Las Vegas, for Appellant.

*Ecker & Standish,* Las Vegas, for Respondent.

## OPINION

By the Court, Springer, J.:

After his divorce from Deborah, Frederick Amie recovered a judgment for wrongful termination by a former employer. The judgment included recovery of wages earned during the marriage, general tort damages and punitive damages. Since the wages are clearly community property, we hold that under First Nat'l Bank v. Wolff, 66 Nev. 51, 202 P.2d 878 (1949), Deborah is entitled to recover in an independent equitable action one-half of the wages recovered by Frederick. Because the question as to whether the

general tort damages and punitive damages awards constituted unresolved community property interests was not litigated in the trial court nor briefed in this appeal, we decline to rule on this issue.[1]

The key factor in this litigation is the fact that one item of community property, some $46,945.00 earned in wages by Frederick during the marriage, was not disposed of by the divorce decree. For reasons that are not entirely clear from the record the parties did not include the mentioned community property in the written property settlement agreement presented to the court during the divorce proceedings. As Frederick puts it in his brief, the property "was simply omitted from the consideration of the parties in the decree." Since the parties omitted to include this property in their written agreement and hence in the divorce suit itself, the property never came within the field of the prior divorce litigation. This case is distinguishable from McCarroll v. McCarroll, 96 Nev. 455, 611 P.2d 205 (1980), relied on by Frederick, because the later action filed in that case was based on charges that the husband had fraudulently concealed his entitlement to prison benefits. In *McCarroll,* the trial court found, and we agreed, that the wife had a fair opportunity during the divorce litigation to litigate the fraud allegations. Under such circumstances, the fraud issue could not be later litigated in another civil action. Unlike *McCarroll,* this case involves property omitted from the divorce controversy. There was no dispute as to the nature of the property, and neither party claimed exclusive entitlement to this property.

In First Nat'l Bank v. Wolff, 66 Nev. 51, 202 P.2d 878 (1949), community property was similarly omitted from consideration by the parties. The court in *Wolff* stated that where property is not mentioned in the findings or the decree, such a decree in no way prejudices the parties' rights to bring a separate independent action to partition previously undivided property. After the divorce, the parties to the divorce suit become tenants in common in the omitted property. *Id.* at 56, 202 P.2d at 881; *accord* Molvick v. Molvick, 639 P.2d 238 (Wash.Ct.App. 1982); Henn v. Henn, 605 P.2d 10 (Cal. 1980).

The right to bring an independent action for equitable relief is not necessarily barred by res judicata. Nevada Industrial Dev. v.

[1]*See, e.g.,* Hennis, *Punitive Damages: Community Property, Separate Property, or Both,* 14 Community Property Journal 51 (1987-88).

Benedetti, 103 Nev. 360, 365, 741 P.2d 802, 805 (1987). The equitable claimant in *Benedetti* sought relief in an independent action based on mutual mistake (which is arguably the reason that the parties in this case failed to include the wage claim in their property settlement agreement). We said in *Benedetti:*

> An equitable independent action for relief from a prior judgment is not precluded by the doctrine of former adjudication. Generally, a judgment entered is res judicata with respect to all issues which were or could have been litigated. [Citation omitted.] In limited circumstances, however, relief from a judgment may be obtained in an equitable independent action. [Citation omitted.] In such instances, the policies furthered by granting relief from the judgment outweigh the purposes of res judicata.

*Id.* at 365, 741 P.2d at 805.

Deborah's equitable action here violates none of the policies and purposes of the doctrine of res judicata, and there is no reason in fairness and justice that she should not be allowed to proceed to have this property partitioned in accordance with *Wolff.* Frederick is not fairly entitled to all of this property to the exclusion of Deborah.

As in *Wolff,* community property was here left unadjudicated and was not disposed of in the divorce. Therefore, the wages are held by the parties as tenants in common, and the property is subject to partition by either party in a separate independent action in equity. Accordingly, the summary judgment in favor of Frederick is reversed and the matter is remanded for partition of the wage claim.

YOUNG, C. J., STEFFEN, MOWBRAY and ROSE, JJ., concur.