56 P.3d 887 (2002)
118 Nev. 699
A.F. CONSTRUCTION COMPANY, a Nevada Corporation, Appellant,
v.
VIRGIN RIVER CASINO CORPORATION, a Nevada Corporation; O'Brien Kiernan Investment Company, a California Corporation; Protective Life Insurance Company, a Tennessee Corporation; the Cliff Redekop Retirement Plan; Clifford P.D. Redekop Family Limited Partnership; First Credit Bank, a California Corporation; Richard Roy Kelley, an Individual; PMJ Enterprises, Inc., a Nevada Corporation; Bank of Hawaii, a Hawaii Corporation; Sam Hon, an Individual; Old Republic Title Company of Nevada, a Nevada Corporation; and Nevada Title Company, a Nevada Corporation, Respondents.
No. 37585.
Supreme Court of Nevada.
November 6, 2002.
*888 Lavelle & Associates, Las Vegas, for Appellant.
Gerrard & Cox, Las Vegas, for Respondents Virgin River Casino Corporation, O'Brien Kiernan Investment Company, Protective Life Insurance Company, Cliff Redekop Retirement Plan, and Clifford P.D. Redekop Family Limited Partnership.
Before the Court En Banc.

OPINION
PER CURIAM:
In this appeal, we consider whether a deed of trust beneficiary is a necessary party in a mechanic's lien enforcement proceeding. The district court granted partial summary judgment in favor of respondent Virgin River Casino Corporation ("Virgin River") in a subsequent consolidated action to quiet title and for declaratory and injunctive relief.[1] In its order, the district court concluded that Virgin River, a deed of trust beneficiary, was a necessary party and that failure to name Virgin River in the mechanic's lien enforcement proceeding left its interest unaffected by the foreclosure judgment of appellant A.F. Construction Company, Inc. ("AFC"). We hold that a deed of trust beneficiary is not a necessary party in a mechanic's lien enforcement action, and therefore we reverse the district court's order granting partial summary judgment and remand for further proceedings.

FACTS
On August 30, 1994, AFC, a general contractor, entered into a contract with Nevstar Gaming and Entertainment Corporation ("Nevstar") to construct the Mesquite Star Hotel and Casino located on Nevstar's property in Mesquite, Nevada ("the Mesquite property"). That same day, AFC commenced construction, which continued until August 21, 1998, when AFC stopped work on the project. Although Nevstar had made *889 partial payments to AFC, Nevstar still owed AFC $853,452 for services and materials when AFC stopped construction. Consequently, on August 27, 1998, AFC recorded a mechanic's lien, which was amended on September 4, 1998, against the Mesquite property and served Nevstar with notice of the lien.
During construction, on January 27, 1998, Nevstar obtained a $5,000,000 loan from First Credit Bank, executing a deed of trust in favor of First Credit Bank as beneficiary against the Mesquite property. On June 18, 1998, First Credit Bank advanced Nevstar an additional $450,000, which was also secured by the previously executed deed of trust. First Credit Bank assigned its beneficial interest in the deed of trust to Virgin River on April 17, 2000.
On February 12, 1999, AFC filed a complaint in district court to enforce its mechanic's lien against the Mesquite property. The complaint named Nevstar as the only party defendant. Because Nevstar failed to answer AFC's complaint, on March 20, 2000, the district court entered a default foreclosure judgment against Nevstar.
On May 16, 2000, Virgin River received a notice of sale from AFC indicating that AFC would conduct a sheriff's sale of the Mesquite property. As a result of the notice, Virgin River filed a complaint to quiet title of the Mesquite property and to protect its interest with respect to its deed of trust. Thereafter, AFC filed a complaint for declaratory judgment and injunctive relief against Virgin River. These two cases were later consolidated into a single action.
On November 1, 2000, Virgin River filed a motion for summary judgment in the action filed by AFC. In addition, on November 3, 2000, Virgin River filed a motion for summary judgment in the quiet title action it had filed against AFC. After conducting a hearing on Virgin River's motions, the district court granted Virgin River partial summary judgment. The district court ordered that the only claim that remained to be adjudicated in the consolidated cases was the claim for quantum meruit asserted by AFC as a counterclaim. In granting Virgin River partial summary judgment, the district court found that Virgin River, the deed of trust beneficiary, was a necessary party, and thus, AFC had an obligation to include Virgin River as a party in AFC's complaint to enforce its mechanic's lien. The district court based its decision on our holding in Pickett v. Comanche Construction, Inc.[2] In doing so, the district court concluded that because AFC failed to name Virgin River, a necessary party, in its mechanic's lien enforcement action, Virgin River was not bound by AFC's foreclosure judgment.

DISCUSSION
An appeal from an order granting summary judgment is reviewed de novo.[3] After viewing all evidence and taking every reasonable inference in the light most favorable to the nonmoving party, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law.[4]
Here, the parties do not argue the existence of a genuine issue of material fact. Instead, the parties argue whether the district court properly held that a deed of trust beneficiary is a necessary party in an action to enforce a mechanic's lien upon real property.
AFC contends that the mechanic's lien statute only requires that the "record owner" be named and served as a party in the claimant's action to enforce the lien, and therefore, it was not required to join Virgin River, a deed of trust beneficiary, in the enforcement action. AFC also asserts that there is nothing in the mechanic's lien statutes requiring that the priority of all claims against the property be determined in the enforcement action, but instead, AFC suggests that priority can be determined in a separate action. On the other hand, Virgin River argues that its right to contest matters *890 that are at issue in the mechanic's lien enforcement action, such as the amount of the lien, can only be asserted in the enforcement action. Therefore, Virgin River argues that it would be denied due process if it were not joined in the enforcement action.
Essentially, the parties raise an issue of statutory construction. The construction of a statute is a question of law that this court reviews de novo.[5] In construing statutes, this court seeks to give effect to the legislature's intent, and in so doing, this court first looks to the plain language of the statute.[6] However, if the statutory language is ambiguous or fails to address the issue, this court construes the statute according to that which "reason and public policy would indicate the legislature intended."[7]
When a person performs services or supplies materials to be used for improvement of real property, the person has a lien upon the premises and improvements in the amount agreed upon in the contract or the fair market value of the services or materials.[8] The lien claimant is required to record its lien within ninety days after completion of the improvement, or after the last day of supplying materials or performance on the project.[9] After the lien claimant records its mechanic's lien, NRS 108.227 requires that the lien claimant serve a copy of the claim "upon the record owner of the property within 30 days after recording the notice of lien."[10]
Even though the lien claimant complies with the above requirements, a lien does not bind the improvement or property "for a longer period than 6 months after such lien has been recorded, unless: (a) Proceedings are commenced in a proper court within that time to enforce the same."[11] Other than the requirement that the record owner be named as a party, the mechanic's lien statutes are silent as to which parties the lien claimant must join as defendants in the enforcement action. However, the statutes suggest that the validity and priority of all statutory liens should be decided in the enforcement action.[12] Recognizing this lack of clear direction, we held in Pickett v. Comanche Construction, Inc., that "an owner of an interest in real property subject to a mechanic's lien when a [mechanic's lien enforcement] proceeding is commenced is a necessary party," and "[f]ailure to name a necessary party leaves that property owner's interest unaffected by the foreclosure."[13] More specifically, we determined that subdivision homeowners were necessary parties, and that the construction company's failure to name them in its mechanic's lien enforcement proceeding against the developer left the homeowners' interest unaffected by the foreclosure.[14] We decline, however, to extend our holding in Pickett to deed of trust beneficiaries. Therefore, we conclude that Virgin River, a deed of trust beneficiary, was not a necessary party to the mechanic's lien enforcement proceeding, and further that AFC was not required to join Virgin River in that proceeding.
We note that the mechanic's lien statutory scheme contemplates a straightforward enforcement *891 proceeding, wherein the lien claimant simply must establish the validity and amount of the mechanic's lien. Requiring the lien claimant to join a deed of trust beneficiary would defeat the purpose behind the mechanic's lien enforcement proceeding.
Regarding priority of interests, NRS 108.225(1)(a) provides that mechanic's liens are preferred to "[a]ny lien, mortgage or other encumbrance which may have attached after the time when the building, improvement or structure was commenced, work done, or materials were commenced to be furnished." The mechanic's lien statutes are silent, however, as to whether priority of all liens and encumbrances must be decided within the enforcement proceeding contemplated in NRS 108.233 and NRS 108.239. Other than the required determination of asserted mechanic's liens pursuant to NRS 108.236, we hold that priority of other claims against the property may be established in a subsequent proceeding and need not be established in the enforcement proceeding. Accordingly, holders of other recorded interests in the property will not be deprived of due process because they can bring a subsequent action to determine priority and contest matters of the foreclosure.[15]

CONCLUSION
A deed of trust beneficiary is not a necessary party to a mechanic's lien enforcement action. Therefore, AFC was not required to join Virgin River in AFC's enforcement action. In addition, we hold that priority of a trust deed need not be determined in the mechanic's lien enforcement action. Thus, we conclude that Virgin River will not be deprived of due process by not being joined in the enforcement action because Virgin River can bring a subsequent action, following the enforcement proceeding, to challenge the priority and amount of the mechanic's lien.
Accordingly, we conclude that the district court erred in granting partial summary judgment against AFC, and therefore we reverse the district court's order and remand this case for further proceedings consistent with this opinion.[16]
NOTES
[1] The district court granted respondents O'Brien Kiernan Investment Company, Protective Life Insurance Company, Cliff Redekop Retirement Plan, and Clifford P.D. Redekop Family Limited Partnership partial summary judgment because they were named in Virgin River's motions. At some time, these respondents were conveyed portions of the property at issue. Appellant A.F. Construction Company, Inc., argues that these respondents should not be a part of the present litigation because appellant's foreclosure judgment was amended to exclude their portions of the property from its mechanic's lien foreclosure judgment. In response, Virgin River argues that even though appellant asserts that the amended default judgment leaves these respondents' interests unaffected by the foreclosure judgment, this fact is not readily apparent from the face of the judgment. Because the record on appeal is unclear regarding this issue, we leave it for the district court to resolve on remand.

Regarding the remaining respondents listed in the caption, the district court did not specifically name them in its order granting partial summary judgment, and the parties do not address the remaining respondents in their briefs on appeal.
[2] 108 Nev. 422, 836 P.2d 42 (1992).
[3] Riley v. OPP IX L.P., 112 Nev. 826, 830, 919 P.2d 1071, 1074 (1996).
[4] Posadas v. City of Reno, 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993); see also NRCP 56(c).
[5] SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).
[6] Salas v. Allstate Rent-A-Car, Inc., 116 Nev. 1165, 1168, 14 P.3d 511, 513-14 (2000).
[7] State, Dep't Mtr. Vehicles v. Vezeris, 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986) (internal quotations and citation omitted), quoted in Salas, 116 Nev. at 1168, 14 P.3d at 514.
[8] See NRS 108.222.
[9] See NRS 108.226.
[10] Subsection 3 of NRS 108.227 defines "record owner":

As used in this section, "record owner" means any person who holds an interest in real property or any improvement thereon evidenced by a conveyance or other instrument which transfers that interest to him and is recorded in the office of the county recorder of the county in which the real property is located, but does not include:
(a) A mortgagee;
(b) A trustee under, or a beneficiary of, a deed of trust; or
(c) The owner or holder of a lien encumbering real property or any improvement thereon.
[11] NRS 108.233(1)(a).
[12] See NRS 108.236.
[13] 108 Nev. at 430, 836 P.2d at 47.
[14] Id. at 429-30, 836 P.2d at 46-47.
[15] Virgin River argues generally that it may be precluded in a subsequent action from raising issues presented in the enforcement action; however, this argument lacks merit because Virgin River was not a party or in privity with a party in the enforcement action. See Executive Mgmt. v. Ticor Title Ins. Co., 114 Nev. 823, 834-35, 963 P.2d 465, 473 (1998).
[16] The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.