# IN THE SUPREME COURT OF THE STATE OF NEVADA

RG ELECTRIC, INC.,
Appellant,
vs.
DAN ELLIS COLE, INDIVIDUALLY
AND D/B/A COLE WILSON; COLE
WILSON; JOHN PAUL WILSON,
INDIVIDUALLY AND D/B/A COLE
WILSON; LCW CONTRACTORS, INC.,
A CALIFORNIA CORPORATION;
TRAVELERS CASUALTY & SURETY, A
SURETY; AND SURETEC INSURANCE
COMPANY, A TEXAS CORPORATION,
Respondents.

No. 65043

**FILED**

FEB 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER AFFIRMING IN PART AND VACATING IN PART*

This is an appeal from a district court order granting a motion to reconsider an order that rescinded an earlier order dismissing the action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant argues that because the district court's dismissal was based on an erroneous finding that the case had been inactive, the court had authority to correct its error under NRCP 60(a) and reopen the case, and that reconsideration of its order doing so was therefore improper. Appellant contends that even if the district court lacked authority to correct the error under NRCP 60(a), it should have vacated its October 2011 order staying arbitration because if the case is dismissed, the district court no longer has jurisdiction over it, and allowing the stay to remain in place is akin to a permanent injunction on arbitration.

Having considered the parties' arguments and the record, we conclude that reconsideration was properly granted. *AA Primo Builders,*

16-04784

*LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (applying abuse of discretion standard of review); *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007) (noting that "once a final judgment is entered, the district court lacks jurisdiction to reopen it, absent a proper and timely motion under the Nevada Rules of Civil Procedure"). This court has defined clerical error correctable under NRCP 60(a) as "a mistake in writing or copying," and particularly with regard to judgments, one that "cannot reasonably be attributed to the exercise of judicial consideration or discretion." *Pickett v. Comanche Constr., Inc.*, 108 Nev. 422, 428, 836 P.2d 42, 46 (1992) (citation and emphasis omitted). Federal courts agree that "if the judgment captures the original meaning but is infected by error, then the parties must seek [a] source of authority [other than Rule 60(a)] to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986); *see Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (recognizing that Rule 60(a) may be invoked to make an original order more clearly reflect a court's contemporaneous intent but the court may not clarify a judgment to reflect a new and subsequent intent when it perceives its original judgment to be incorrect); *see also Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 n.2 (7th Cir. 1998) (concluding that correction under Rule 60(a) was not appropriate because "the dismissal . . . accurately reflected the court's intention at the time it was entered. Thus, the error, to the extent there was one, was not in the transcription, but in the court's decision, a ground for relief not contained in Rule 60(a)").

Here, the district court's error was in its failure to recognize that a stay was entered in October 2011, and that EDCR 2.90's inactivity grounds for dismissal therefore did not apply. While based on erroneous

factual and legal grounds, the dismissal nevertheless accurately reflected the district court's intention to dismiss the case at the time it rendered its decision. Any error in the court's decision to dismiss the case thus was not the type correctable under NRCP 60(a). *Pickett*, 108 Nev. at 428, 836 P.2d at 46; *Griffin*, 782 F.2d at 1396-97; *Brandon*, 143 F.3d at 295 n.2. A decision to the contrary would weaken the policy favoring finality of judgments and permit circumvention of more restrictive deadlines contained in rules such as NRCP 60(b). *See In re Am. Precision Vibrator Co.*, 863 F.2d 428, 429 (5th Cir. 1989); *Griffin*, 782 F.2d at 1398 (noting that Rule 60(a) mediates between the interests of finality and accuracy in the adjudication of rights through a combination of its small scope ("clerical mistakes") and unlimited time, whereas Rule 60(b) has a broader scope allowing correction of a variety of legal and factual errors, but with a shorter deadline). Thus, we affirm the district court's reconsideration order.

As for the October 2011 order staying arbitration, appellant correctly argues that the district court's dismissal order deprived it of jurisdiction over the case and that the stay order is no longer effective. *See Bomer v. Ribicoff*, 304 F.2d 427, 428-29 (6th Cir. 1962); *Lakes v. Marriott Corp.*, 448 S.E.2d 203, 205-06 (Ga. 1994) (explaining that dismissal "deprived the trial court of jurisdiction over the case and left the parties in the same position as if the suit had never been filed"); *Montgomery v. Morris*, 745 S.E.2d 778, 780 (Ga. Ct. App. 2013) (noting that when a case is involuntarily dismissed without prejudice, "any subsequent order is null and void because the trial court has lost jurisdiction over the case, which is no longer pending before it"). Here, the underlying action was dismissed without prejudice, allowing appellant to

refile the action, which it did. The October 2011 stay order terminated on dismissal of the action, as "[a]n action dismissed without prejudice leaves the situation the same as if the suit had never been brought." *Bomer*, 304 F.2d at 428; *see Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 191 (5th Cir. 2015) (noting that while "[p]ermanent injunctions survive dismissal of the case[,] preliminary injunctions do not"). Thus, we vacate the district court's October 25, 2011, stay order.

It is so ORDERED.[1]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Michelle Leavitt, District Judge
Backus, Carranza & Burden
Peel Brimley LLP/Henderson
Eighth District Court Clerk

---

[1]Although respondents argue that arbitration should not proceed based on a provision in the parties' contract, that issue is not before us. The stay terminated with the dismissal of the underlying case, and any disputes regarding arbitration should be resolved in the refiled district court action, which remains pending in Department 3.