140 Nev., Advance Opinion 37

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PETITION OF KATHRINE ANNE P. AND MICHAEL ALLEN P. FOR THE ADOPTION OF A MINOR CHILD.

KATHRINE ANNE P. AND MICHAEL ALLEN P.,
Appellants,
vs.
ANGELA P. AND RANDALL B.,
Respondents.

No. 86192



FILED

JUN 06 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order setting aside an adoption decree. Eighth Judicial District Court, Family Division, Clark County; Bill Henderson, Judge.

*Reversed.*

Hutchison & Steffen, LLC, and Todd L. Moody and Joseph C. Reynolds; Reese Ring Velto, PLLC, and Alex Velto, Reno,
for Appellants.

Willick Law Group and Marshal S. Willick and Trevor M. Creel, Las Vegas,
for Respondents.

BEFORE THE SUPREME COURT, STIGLICH, PICKERING, and PARRAGUIRRE, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

24·19777

*OPINION*

By the Court, STIGLICH, J.:

The finality of district court orders is of substantial concern to the judicial system. In the context of an adoption proceeding, finality plays a particularly elevated role because adoptions provide needed stability to children and their adoptive families. Accordingly, only parties to the proceeding, entities in privity with those parties, or nonparties whose rights are directly affected by the court order have standing to seek NRCP 60(b) relief from an adoption decree.

In the underlying matter, the district court adjudicated an adoption petition while a petition for guardianship filed by the child's grandparents was pending. Given that the grandparents were not parties to the adoption proceeding, were not in privity with any such party, and did not have interests directly affected by the proceeding, they lacked standing to file an NRCP 60(b) motion to set aside the adoption, and the court therefore erred in granting their motion. We conclude that neither the grandparents' familial relation with their grandchild, standing alone, nor the pending guardianship petition conferred standing to challenge the adoption. We therefore reverse the district court order setting aside the adoption.

*FACTS AND PROCEDURAL HISTORY*

When G.P.'s birth mother was pregnant with G.P., she contacted G.P.'s step-great-grandmother and great-grandfather, appellants Katherine and Michael, to see if they would accept temporary guardianship of G.P. Katherine and Michael agreed and, soon after G.P.'s birth, petitioned the Second Judicial District Court in Washoe County, where G.P.

SUPREME COURT
OF
NEVADA



(O) 1947A

2

was born, for temporary guardianship, which the court granted. G.P.'s grandparents, respondents Angela and Randall, filed a competing petition for guardianship, and the Second Judicial District Court set the matter for mediation.

Meanwhile, G.P.'s birth parents provided written consent to terminate their parental rights and to G.P.'s adoption by Katherine and Michael. With these consents in hand, Katherine and Michael filed a petition for adoption with the Eighth Judicial District Court in Clark County, where they resided.

After filing the petition for adoption, Katherine and Michael attended the previously scheduled guardianship hearing in the Second Judicial District Court. At the hearing, the court, unaware of the adoption petition pending in the Eighth Judicial District Court, denied Angela and Randall's petition for temporary guardianship but set a trial date for the competing guardianship requests.

A few days after the guardianship hearing, Katherine and Michael, alone, attended the adoption hearing in the Eighth Judicial District Court, during which the judge granted the adoption. In light of the adoption, Katherine and Michael moved to vacate the guardianship trial pending in the Second Judicial District Court. The Second Judicial District Court denied the motion to vacate after it contacted the Eighth Judicial District Court and learned that the Eighth Judicial District Court had no knowledge of the guardianship case in the Second Judicial District Court. The Second Judicial District Court then held the case in abeyance and ruled that any further proceedings must take place in the Eighth Judicial District Court.

 

After learning of the adoption, Angela and Randall moved to set aside the adoption in the Eighth Judicial District Court pursuant to NRCP 60(b). The Eighth Judicial District Court granted NRCP 60(b)(3) relief due to misrepresentation and misconduct in omitting "essential information" regarding the guardianship case in the Second Judicial District Court. It also found that the Second Judicial District Court was the proper venue. In the Second Judicial District Court, the court determined that Katherine and Michael's temporary guardianship would remain in effect and set dates for mediation and trial. Katherine and Michael appeal the Eighth Judicial District Court's order setting aside G.P.'s adoption.

## DISCUSSION

### Standard of review

A district court generally "has wide discretion in deciding whether to grant or deny a motion to set aside a judgment under NRCP 60(b)." *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). "Its determination will not be disturbed on appeal absent an abuse of that discretion." *Id.* at 182, 912 P.2d at 265. "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006) (internal quotation marks omitted). A district court also abuses its discretion in an NRCP 60(b) ruling if it disregards legal principles. *See Vargas v. J Morales Inc.*, 138 Nev. 384, 387, 510 P.3d 777, 780 (2022).

### The district court abused its discretion when it granted NRCP 60(b) relief requested by a nonparty

Katherine and Michael argue that the district court abused its discretion in setting aside G.P.'s adoption pursuant to NRCP 60(b) because

SUPREME COURT
OF
NEVADA

(O) 1947A

Angela and Randall lacked standing to bring the motion. The parties do not dispute that Angela and Randall were not parties in the adoption proceedings. Angela and Randall counter, however, that they have standing because their pending guardianship petition established an interest that was directly affected by the adoption. We conclude that neither Angela and Randall's status as grandparents nor the pending guardianship matter conferred standing.

NRCP 60(b) provides various grounds to set aside a final judgment. *Vargas*, 138 Nev. at 384, 510 P.3d at 778. NRCP 60(b) permits relief from a final judgment, order, or proceeding where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." NRCP 60(b)(3). Relief pursuant to NRCP 60(b) may be provided to the parties to an action, those in privity with the parties, or to those directly affected by the judgment. *Pickett v. Comanche Constr., Inc.*, 108 Nev. 422, 427, 836 P.2d 42, 45 (1992). In *Pickett*, homeowners sought to set aside a judgment foreclosing on mechanic's liens that arose from proceedings in which they were not parties. *Id.* at 424-25, 836 P.2d at 43-44. This court determined that the judgment directly affected the nonparty homeowners in subjecting them to liability such that they could seek NRCP 60(b) relief. *Id.* at 427, 836 P.2d at 45. That is, in *Pickett*, nonparties had standing to challenge an order directly affecting them by subjecting them to legal liability even though they were not parties in the proceedings giving rise to the liability.

Federal courts have approached this standard similarly for nonparties directly affected by a judgment. *Cf. Willard v. Berry-Hinckley Indus.*, 139 Nev., Adv. Op. 52, 539 P.3d 250, 257 (2023) ("[W]here the

Nevada Rules of Civil Procedure parallel the Federal Rules of Civil Procedure, rulings of federal courts interpreting and applying the federal rules are persuasive authority for this court in applying the Nevada Rules." (internal quotation marks omitted)); *Bonnell v. Lawrence*, 128 Nev. 394, 398, 282 P.3d 712, 714 (2012) (recognizing that NRCP 60(b) is modeled on FRCP 60(b)). The Eleventh Circuit Court of Appeals looked to whether nonparties had legal rights "so intimately bound up with the parties" that a judgment would "directly affect any property or other legal right" of the movant. *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987). The Second Circuit Court of Appeals likewise concluded that a nonparty had standing to seek FRCP 60(b) relief because it was "strongly affected" by a settlement agreement with a defendant where the plaintiff intended to use the judgment to collect alleged fraudulent conveyances from the nonparty. *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 188-89 (2d Cir. 2006). The Bankruptcy Appellate Panel of the Ninth Circuit ruled comparably and held that a nonparty had standing to seek Rule 60(b) relief from an order that directly and adversely affected his property rights by reinstating a lien on real property. *In re La Sierra Fin. Servs.*, 290 B.R. 718, 729, 731 (B.A.P. 9th Cir. 2002). In contrast, the Ninth Circuit ruled that nonparty shareholders lacked standing where they sought relief for fraud because they would not recover any money even if their allegations were borne out and so any alleged fraud did not directly affect their rights or interests. *Herring v. Fed. Deposit Ins. Corp.*, 82 F.3d 282, 284-85 (9th Cir. 1995). And the Second Circuit limited its decision to the facts presented and stressed that standing for nonparties directly affected by a judgment was "an exceedingly narrow exception" to the general rule that nonparties may not

 

challenge an order. *Grace*, 443 F.3d at 188-89. Thus, for nonparties to have standing to set aside a court order, they must show privity with a party or that their rights or interests are directly affected by the court's decision.

Adoption proceedings are creatures of statute without origins in the common law, 2 C.J.S. *Adoption of Persons* § 2 (2023), and courts generally have concluded that grandparents lack an interest in such proceedings solely by virtue of the familial relation, *see, e.g., In re Marriage of Herreras*, 768 P.2d 673, 674 (Ariz. 1989) ("The Arizona courts, however, have not recognized the grandparental relationship as an interest or right which is entitled to protection except in the limited manner provided by the statute at issue."); *In re S.R.*, 352 N.W.2d 141, 144 (Neb. 1984) ("We hold that grandparents, as such, do not have standing to interfere with the process of termination of parental rights and the adoptive procedures provided by our statutes."), *superseded by statute on other grounds as stated in In re Artharena D.*, 571 N.W.2d 608 (Neb. 1997). Although this court has not determined that such an interest exists, *see generally Bopp v. Lino*, 110 Nev. 1246, 1250-51, 885 P.2d 559, 562 (1994) (recognizing that, historically, biological grandparents have no legally enforceable rights with respect to their grandchildren after adoption), Angela and Randall urge us to recognize their standing based on their grandparent relationship and their pending guardianship application. Thus, we consider grandparents' statutory and constitutional rights to determine their interest in an adoption.

Nevada law provides that a court may require notice of adoption proceedings to interested persons, who may in turn object to the adoption. NRS 127.210(3). No provision specifically designates grandparents as

interested parties entitled to notice. By way of contrary example, notice *must* be provided to a child's legal custodian or guardian. NRS 127.123. Nor have the parties pointed to any statute conferring on grandparents an applicable interest or right in a grandchild's care or in adoption proceedings. *Cf. Bopp*, 110 Nev. at 1250-51, 885 P.2d at 562 (explaining that when grandparent visitation rights provided for in certain circumstances under more recent statutory provisions are not exercised pre-adoption, the mere existence of those statutes does not confer any right on grandparents). Therefore, the Nevada statutes governing adoption do not confer standing on grandparents on the basis of that relationship. *Cf. In re Adoption of J.J.G.*, 736 So. 2d 1037, 1040 (Miss. 1999) (concluding grandparents lacked standing to object to the adoption of their grandchildren where no statute granted them standing); *R.K. v. A.J.B.*, 666 A.2d 215, 217-18 (N.J. Super. Ct. Ch. Div. 1995) (concluding that grandparents lacked standing to object to an adoption where the adoption statutes did not entitle them to notice of the proceeding and thus with a right to object).

Turning to constitutional law, grandparents generally do not have a constitutional interest conferring standing to intervene in an adoption proceeding, *see L.F.M. v. Dep't of Soc. Servs.*, 507 A.2d 1151, 1154 (Md. Ct. Spec. App. 1986) ("We do not question the sincerity or the depth of the affection that appellants feel for their grandchildren. That affection, however, simply does not translate into a constitutionally protected liberty interest."), absent a countervailing consideration, such as a court order entitling them to visitation rights, *see In re Adoption of a Minor Child*, 593 So. 2d 185, 189 (Fla. 1991) (finding that grandparents had a legal interest in maintaining a relationship with a minor child under the due process

clause of the Florida Constitution after being given visitation rights by a New Jersey court); *but see Faust v. Messinger*, 497 A.2d 1351, 1353 (Pa. Super. Ct. 1985) (concluding that statutory grandparent visitation rights do not constitute constitutionally protected liberty interests that implicate procedural due process).

Although Angela and Randall petitioned for guardianship, they were not G.P.'s legal guardians and thus lacked an interest on that basis. The pending guardianship petition created a prospective interest in the adoption, but such a prospective interest is distinguishable from the present and extant rights and liabilities that this court in *Pickett*, and analogous federal authorities, have held to confer standing to nonparties challenging a judgment directly affecting them. Therefore, their interests were not directly affected by the adoption. Nor have Angela and Randall identified any statutory provision conferring standing to them as nonparty grandparents seeking to set aside the adoption, and we have found none. Finally, we conclude that the pending guardianship proceeding did not establish a constitutional interest implicating procedural due process rights because their interest remained prospective. Because Angela and Randall were not parties in G.P.'s adoption proceedings, do not have a legal interest that was directly affected by the adoption, and lack any other statutory or constitutional basis for standing, we conclude that the district court abused its discretion in setting aside G.P.'s adoption pursuant to NRCP 60(b).[1]

---

[1]Given our disposition, we need not address Katherine and Michael's remaining claims.

## CONCLUSION

We clarify that a motion to set aside a judgment pursuant to NRAP 60(b) may be brought by a party to the proceeding, an entity in privity with one of the parties, or a nonparty with interests directly affected by the judgment. A nonparty may bring such a motion only in exceptional circumstances, and its interest will be directly affected only where it has a discrete legal right or interest concretely affected by the judgment. A prospective interest such as that created by a pending petition for guardianship will not confer standing under this exception. We also recognize that grandparents do not have standing to move to set aside an adoption involving a grandchild solely on the basis of the familial relationship. Angela and Randall lacked standing to move to set aside the adoption because they were not parties in the proceeding, did not have rights directly affected by that proceeding, and have not shown another statutory or constitutional basis for standing. Accordingly, we conclude that the district court abused its discretion and reverse its order setting aside G.P.'s adoption.

_____, J.
Stiglich

We concur:

_____, J.
Pickering

_____, J.
Parraguirre