An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NATHAN I. MILLER,
Appellant,
vs.
KRISTI L. PEASE,
Respondent.

No. 62571

**FILED**

JUN 0 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is a fast track child custody appeal from a district court order establishing custody. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

On appeal, appellant first challenges several evidentiary rulings made by the district court at the custody proceeding. In particular, appellant contends that the district court improperly excluded witness testimony. Appellant questioned two witnesses regarding the condition in which respondent kept the home where the children resided. When appellant attempted to call a third witness to testify on the same subject, the court excused the witness, stating that it had enough information on the condition of the home.

NRS 48.035(2) allows the district court to exclude relevant evidence if its probative value is substantially outweighed by the needless presentation of cumulative evidence. The district court has broad discretion in deciding whether to admit or exclude evidence. *Citizens for Honest & Responsible Gov't v. Sec'y of State*, 116 Nev. 939, 952, 11 P.3d 121, 129-30 (2000). We conclude that the district court did not abuse its discretion in excluding the third witness's testimony as cumulative.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17680

Appellant next contends that the district court committed reversible error by admitting an audio recording of a conversation between appellant and one of the minor children. Appellant argues that the recording was not authenticated or disclosed to him before trial. The record indicates that appellant did not object to admitting the recording so long as he was given an opportunity to listen to it at the conclusion of the proceeding. The district court noted in its order that a copy of the recording was mailed to appellant shortly after the hearing. Thus, by failing to object, appellant waived this issue on appeal. *See Wolff v. Wolff,* 112 Nev. 1355, 1363-64, 929 P.2d 916, 921 (1996) (holding that an argument or objection not raised below is waived on appeal).

Appellant further contends that the district court improperly admitted text messages relating to settlement negotiations over his objection. Appellant failed to include the text messages in the joint appendix. While the text messages were discussed at the hearing to a limited extent, we cannot determine their exact content and whether they related to any settlement discussions. Appellant bears the burden of creating an adequate appellate record, and his failure to do so leaves this court unable to adequately evaluate his argument. *Carson Ready Mix, Inc. v. First Nat'l. Bank of Nev.,* 97 Nev. 474, 476, 635 P.2d 276, 277 (1981).

Finally, appellant contends that the district court abused its discretion in failing to divide the parties' property interests. The district court declined to decide the property issues, stating that it lacked subject matter jurisdiction. We conclude that the district court had jurisdiction to decide the property issues under *Landreth v. Malik,* 127 Nev. ___, 251 P.3d 163 (2011). In Landreth, this court held that district court judges

sitting in family court have the authority to hear property matters between unmarried parties. *Id.* at ___, 251 P.3d at 166-67. Additionally, the Ninth Judicial District Court is a court of general jurisdiction, which has original jurisdiction in all cases outside the jurisdiction of justice courts. *See* Nev. Const. art. 6, § 6(1); NRS 3.019 (requiring two judges in the Ninth Judicial District); NRS 3.0105(1) (establishing family courts in judicial districts with populations exceeding 100,000 persons); *Landreth*, 127 Nev. at ___, 251 P.3d at. 170 (discussing the general jurisdiction of district courts in jurisdictions without family courts).

The issue of subject matter jurisdiction may be raised at any time and by this court sua sponte. *Landreth*, 127 Nev. at ___, 251 P.3d at 166. While we acknowledge that judicial estoppel may apply in this case because appellant took the opposite position below by arguing that the court lacked subject matter jurisdiction over all property issues, it is a discretionary doctrine. *Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004). Here, the considerations of judicial estoppel do not outweigh the considerations of judicial economy. To hold otherwise would cause a court of general jurisdiction to consider multiple cases where one would suffice. In the interest of judicial economy, we conclude that respondent's counterclaim for property division should be resolved in the underlying proceeding. *Cnty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752-53, 961 P.2d 754, 756-57 (1998) (noting that judicial economy is an important consideration in the litigation process).

Accordingly, we reverse the portion of the district court's order declining to resolve the property issues and we remand this matter to the district court for further proceedings relating to respondent's counterclaim

for property division. We affirm the district court's order in all other respects.

It is so ORDERED.

_____/ Hardesty_____, J.
Hardesty

_____Douglas_____, J.
Douglas

CHERRY, J., dissenting:

I cannot agree with my colleagues on the property issues. While the district court had subject matter jurisdiction to resolve the property issues, appellant is estopped from asserting this argument because he successfully asserted the opposite position below. This court may invoke judicial estoppel when: (1) a party takes two positions; (2) in judicial proceedings; (3) the party successfully asserted the first position; (4) the positions are inconsistent, and (5) the first position did not result from ignorance, fraud, or mistake. *Mainor v. Nault*, 120 Nev. 750, 765, 101 P.3d 308, 318 (2004) (noting that judicial estoppel is discretionary and intended to protect the court's integrity). The appellate record indicates that respondent filed a counterclaim in which she sought to divide the parties' property, and in his answer to her counterclaim, appellant specifically asserted that the district court lacked jurisdiction to hear any issues relating to personal or business property. The district court agreed with appellant and dismissed respondent's property claims. Appellant's position that the district court lacked jurisdiction was intentional, as he admitted that he intended to file a separate action to partition omitted

property. *See Amie v. Amie,* 106 Nev. 541, 542, 796 P.2d 233, 234 (1990). Appellant's argument on appeal that the district court indeed had jurisdiction to divide property is precluded by judicial estoppel. Thus, I would affirm the district court's order, and for that reason, I respectfully dissent.

_____, J.
Cherry

cc:    Ninth Judicial District Court Department 1
Shawn B. Meador, Settlement Judge
Mills & Mills
Jamie C. Henry
Douglas County Clerk